SCHOTT, Judge.
Plaintiffs, who are the parents and siblings of decedent Lawrence Mark Mason, appeal from a judgment dismissing their wrongful death action brought under LSA C.C. Art. 2315. Their petition was filed jointly with that of Mutana Smith, the mother and natural tutrix of Bethamie Smith, the illegitimate child of Lawrence Mark Mason. The trial court dismissed appellants’ suit on exceptions of no right and/or cause of action noting that “the defect complained of in the exceptions cannot be cured by amendment.”
The issues in this court as framed by appellants are:
“1) Whether the existence of an illegitimate child of a decedent can exclude and prevent the parents of the decedent and the other classes of beneficiaries under Article 2315 from recovering for the wrongful death survivorship rights.
2) Whether a trial court can dismiss the cause of action of the parents of a decedent without allowing them to amend their petition, alleging that the decedent died leaving no children which would then clearly grant to them a cause of action even if the existence of illegitimate children does exclude the cause of action of parents under Article 2315.”
The first issue was settled in Warren v. Richard, 296 So.2d 813 (La.1974). The court held that an illegitimate child is in the same position as a legitimate child in a wrongful death action under Art. 2315. That being so, parents and siblings are precluded from recovery where the decedent is survived by an illegitimate child. See also Willis v. Winford Company, Inc., 366 So.2d 193 (La.App. 2nd Cir.1978).
The second issue is more troublesome. While it is true that appellants alleged jointly with Mutana Smith in the petition that Bethamie Smith was the legitimate child of Lawrence Mark Mason and state in their brief to this court that it is “the belief of all the plaintiffs that Betha-mie Smith was the illegitimate child of the deceased, Lawrence Mark Mason,” in their answer to the petition of Mutana Smith in behalf of Bethamie Smith, defendants simply denied the allegation of Bethamie’s illegitimacy for lack of sufficient information to justify a belief. Thus, in order to recover, Mutana Smith must prove that Betha-mie Smith is the illegitimate child of the decedent. Defendants’ reliance on Cheatham v. City of New Orleans, 378 So.2d 369 (La.1979) to the effect that the allegation by appellants that Bethamie Smith was decedent’s illegitimate child constituted a judicial admission is misplaced. That allegation is not binding on defendants and the possibility exists that the proof would fail leaving defendants in the posture where no one would be left to assert the wrongful death action.
C.C.P. Art. 934 requires the court to order an amendment where the grounds for an exception may be removed thereby. Since appellants may remove the objection by the alternative pleading that Bethamie Smith is not the illegitimate child of the decedent the case is remanded to the trial court for the purpose of allowing such an amendment.
Defendants question the standing of the siblings to assert the claim, correctly pointing out that they would be beneficiaries only had the decedent left no children or parents. This suit was filed by decedent’s mother and father in April, 1979, but in December decedent’s mother died and her surviving children who are the original petitioners as siblings of decedent were substituted as plaintiffs in their capacity as the heirs of decedent’s mother. In this capacity they are entitled to file amended pleadings and pursue the claim along with decedent’s father.
Accordingly, that portion of the judgment maintaining the exception to appel *1233 lants’ petition is affirmed, but that portion of the judgment dismissing their claim is reversed and set aside. The case is remanded to the trial court in order to afford plaintiffs an opportunity to amend their petition in order to stake a cause of action consistent with this opinion. All costs of this appeal are taxed against defendants with the remaining costs to await the outcome of the trial.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.