I t GRISBAUM, Chief Judge.
This writ application arises from the trial court’s denial of Long Term Care Managers, Inc. d/b/a Manhattan Guest House (“Long Term Care”) peremptory exception of no right of action as to Evelyn Jenkins’ claim for the alleged wrongful death of her son, Melvin Jenkins. We reverse and vacate the trial court’s judgment and grant Long Term Care’s exception of no right of action.

ISSUES

We are called upon to determine whether there is clear and convincing evidence that Melvin Jenkins informally acknowledged his illegitimate daughter, Teresha Shaffer, and, if so, whether this precludes his mother from asserting a wrongful death claim.

FACTS AND PROCEDURAL HISTORY

Plaintiff, Evelyn Jenkins, filed suit against the defendant, Long Term Care, for' the wrongful death of her son, Melvin Jenkins. Long Term Care filed a peremptory | ^exception of no right of action based on the existence of an heir who survived Mr. Jenkins and, thus, precluded Ms. Jenkins from recovery under a wrongful death claim. La. Civ.Code art. 2315.2. The trial court denied Long Term Care’s exception of no right of action; however, this Court, on an application for supervisory writ, reversed that ruling and granted the exception. From our ruling, Ms. Jenkins filed an application for supervisory writ to the Louisiana Supreme Court. The supreme court remanded this matter to this Court for briefing, argument, and full opinion.

LAW AND ANALYSIS

Certain enumerated persons have the right to bring a wrongful death claim if a person dies due to the fault of another. La. Civ.Code art. 2315.2. If a tort victim is survived by a spouse or a child, the parents of the tort victim have *865 no right to recover for the damages sustained by the victim or for their own damages for the victim’s wrongful death. Id; Wakefield v. Gov’t Employees Ins. Co., 253 So.2d 667 (La.App. 4 th Cir.1971), writ denied, 255 So.2d 771, 260 La. 286 (1972). The critical requirement for classification as a child under La. Civ.Code art. 2315.2 is the biological relationship between the tort victim and the child, not whether the child is legitimate or illegitimate. Chatelain v. State, Dep’t of Transp. and Dev., 586 So.2d 1373 (La.1991). If a child was never legitimated during the life of the parent, the court must determine whether the deceased was, in fact, survived by a child. Ruffin v. Leevac Corp., 543 So.2d 626 (La. App. 1st Cir.1989), writ denied, 548 So.2d 330 (La.1989).
Long Term Care contends that the decedent, Melvin Jenkins, informally acknowledged his daughter, Teresha Shaffer, during his lifetime, and, thus, she is his legitimate hem. Long Term Care further argues that this precludes Mr. Jenkins’ mother from recovering under a wrongful death claim. To establish that a deceased parent legitimated a child during his lifetime, there must be clear and convincing evidence of that legitimation. La. Civ. Code art. 198; Chatelain, 586 So.2d at 1379. Thus, here, we must decide whether informal acknowledgment was proven by clear and convincing evidence.
Informal acknowledgment can be proven with evidence that the father: 1) acknowledged the child in formal writings or in public or private conversations; 2) 1 ¡¡caused the education of the child as his own; 3) lived in concubinage with the mother in his home when the child was conceived; 4) reared the child in his home; 5) named the child in his will; 6) gave the child his surname; and 7) held the child out in the community as his own. Id. We note that the purpose of requiring clear and convincing evidence is to prevent fraud where an illegitimate child is seeking to prove filiation to obtain status as a wrongful death beneficiary or property of the alleged parent. Id.
Here, Long Term Care, the relator, is seeking to establish that Mr. Jenkins was survived by a child to preclude Mr. Jenkins’ mother from recovering as a wrongful death beneficiary. Thus, here, there is no danger of fraud by Teresha, who is Mr. Jenkins’ alleged daughter. We believe Teresha and her mother’s (Joyce Evelyn Sehamburger) testimony are entitled to great weight considering neither has an interest in this litigation.
Teresha and her mother’s depositions revealed the following evidence. Mrs. Sehamburger stated in her deposition that Melvin Jenkins is Teresha’s father. Mrs. Schambuger had sexual intercourse with Mr. Jenkins for the first time in May 1971, discovered she was pregnant in August 1971, and Teresha was born on March 16, 1972. She did not have sexual intercourse with any other man between May and August 1971. Melvin came to visit Teresha when she was one week old and was overjoyed that he had a daughter. He acknowledged her as his daughter in the community where he lived and where Teresha and her mother lived. Once Mrs. Sehamburger moved from New Orleans, Mr. Jenkins visited Teresha wherever she and her mother were living. He bought Teresha several gifts throughout the years. Importantly, Evelyn Jenkins, as an agent for Melvin, arranged that Teresha receive checks for Melvin’s social security benefits. She received these checks from age six to eighteen. The fact that Mr. Jenkins provided financial support for Teresha weighs heavily in our determination that he informally acknowledged Tere-sha as his child.
In addition, the application includes an affidavit by Willie Davis, Jr., the manager at Davis Mortuary Service, Inc., which handled the arrangements for Melvin Jenkins’ funeral. One of his responsibilities was to notify the New Orleans Times-Picayune of |4Mr. Jenkins’ death and supply it with an obituary notice. Mr. Davis *866 stated in his affidavit that Evelyn Jenkins provided him verbally and in person with the information that Mr. Jenkins was survived by a daughter, Teresha Shaffer. Mr. Jenkins obituary, dated July 12, 1996, stated that he was survived by a daughter, Teresha Shaffer.
We find that the foregoing shows Mr. Jenkins continuously and unequivocally recognized Teresha as his daughter during his lifetime. Thus, we find that there is clear and convincing evidence that he informally acknowledged her as his own during his lifetime.
Ms. Jenkins contends that, even if there is clear and convincing evidence of informal acknowledgment, Long Term Care should not be able to use it as a defense. She contends that because a filiation action was not timely filed and that neither Melvin nor Teresha asserted the action, the tortfeasor should not be able to use it as a defense. We disagree. Our jurisprudence clearly states the existence of an illegitimate child of a decedent precludes the decedent’s parents or other classes of beneficiaries from recovering for the decedent’s wrongful death. La. Civ.Code art. 2315.2; Smith v. London, 398 So.2d 1231 (La.App. 4th Cir.1981). Accordingly, because we find that there is clear and convincing evidence that Mr. Jenkins was survived by a daughter, we find this precludes his mother, Evelyn Jenkins, from recovering as a wrongful death beneficiary.
For the reasons assigned, we reverse and vacate the trial court’s judgment, dated March 9, 1999, and grant relator’s peremptory exception of no right of action.

REVERSED; VACATED.