774 So.2d 101 (2000)
Evelyn JENKINS, et al.
v.
MANGANO CORPORATION, et al.
No. 00-CC-0790.
Supreme Court of Louisiana.
November 28, 2000.
Concurring Opinion December 4, 2000.
Malinda Frances Holmes, III, Kenner, Counsel for Applicant.
Lindsey M. Ladouceur, New Orleans, Stephen Nolan Elliott, Robert A. Knight, Ann M. Sico, Metarie, Counsel for Respondent.
Concurring Opinion of Justice Lemmon, December 4, 2000.
*102 TRAYLOR, Justice.
We granted this writ to resolve the issue of whether the parent of a tort victim has a right of action to recover in a wrongful death action when the tort victim is survived by an informally acknowledged adult illegitimate child and that child has not judicially asserted filiation timely.

FACTS AND PROCEDURAL HISTORY
On May 5, 1997, plaintiff, Evelyn Jenkins, filed the instant wrongful death and survival action on behalf of her son, Melvin Jenkins, pursuant to La. Civ.Code arts. 2315.1 and 2315.2. She alleged that the negligent treatment of her son by defendant, Long Term Care Managers, Inc. d/b/a Manhattan Guest House (hereinafter referred to as "Manhattan Guest House"), resulted in his death on July 8, 1996. Throughout the proceedings, plaintiff has maintained that she is the proper party to bring this action on her son's behalf since he never married nor fathered any children. In fact, in plaintiffs amended petition, she specifically stated that Melvin Jenkins had never been married, or lived in open concubinage at any time, and that he never made an acknowledgment of any illegitimate children, under either Louisiana Civil Code Article 203 or Article 204.[1]
On December 7, 1998, two years after the death of Melvin Jenkins, Manhattan Guest House filed an exception of no right of action contending that under La.Civ. Code arts. 2315.1 and 2315.2, Teresha Shaffer, as the daughter of the decedent, was his sole heir and only party entitled to bring a wrongful death action on his behalf.[2]
In support of its exception, Manhattan Guest House submitted plaintiffs answers to interrogatories as well as the deposition testimony of Teresha Shaffer; Teresha's mother, Joyce Schamburger; and plaintiff. Manhattan Guest House also attached a copy of Melvin Jenkins' obituary and an affidavit of the funeral director stating that plaintiff informed him both in writing and orally that Melvin Jenkins was survived by a daughter named Teresha Shaffer. While Manhattan Guest House acknowledged that Teresha was the illegitimate daughter of Melvin Jenkins, it argued that Teresha's mere existence as the daughter of the deceased precludes plaintiff from bringing the action on her son's behalf.
Plaintiff opposed the exception, contending that Teresha had not been legitimated under La. Civ.Code art. 203, nor had she instituted a timely proceeding for filiation under La. Civ.Code art. 209. Further, plaintiff asserted that defendant failed to prove, by clear and convincing evidence, that the decedent had informally acknowledged Teresha Shaffer as his daughter.
After the hearing, the trial judge denied defendant's exception finding that the decedent, Melvin Jenkins, never acknowledged Teresha Shaffer, never married nor lived in the state of open concubinage with the mother of Teresha Shaffer. The trial judge also noted that any evidence of a relationship between Evelyn Jenkins, the mother of the decedent, and Teresha Shaffer was insufficient to show an acknowledgment on the part of Melvin Jenkins. The trial judge concluded that the conduct of the grandmother cannot be considered to constitute any informal acknowledgment by the alleged father.
The court of appeal reversed the ruling of the trial judge finding Manhattan Guest House presented clear and convincing evidence that Melvin Jenkins informally acknowledged Teresha Shaffer and that Teresha Shaffer was the proper party to *103 bring any wrongful death suit. Jenkins v. Long Term Care Managers, Inc., 99-386 (La.App. 5 Cir. 2/16/00); 758 So.2d 863. This court granted certiorari to review the correctness of that decision. Jenkins v. Mangano, et al, 00-CC-0790 (La.5/26/00); 762 So.2d 626.

DISCUSSION

Defendant's Burden of Proof
Manhattan Guest House challenges plaintiffs right of action to proceed under La. Civ.Code art. 927, claiming that her standing to proceed, as Melvin Jenkins' mother, is preempted by the existence of Melvin's daughter, Teresha Shaffer. It is worthwhile to note that Manhattan Guest House is not asserting this action on behalf of Teresha, it is only noting her existence in support of its exception of no right of action. Therefore, because Manhattan Guest House is the party asserting the existence of a child as a basis for its exception, it must prove that Teresha Shaffer is the child of Melvin Jenkins by clear and convincing evidence. La. Civ.Code art. 209; Chatelain v. State, DOTD, 586 So.2d 1373, 1377 (La.1991).

Who is a Child under 2315.2
In Chatelain, this court determined that the critical requirement for classification of a person as a child under Article 2315.2 is the biological relationship between the tort victim and the child. Warren v. Richard, 296 So.2d 813, 814 (La. 1974). Once the biological relationship is established, an inquiry must be made as to whether the child is classified as legitimate or illegitimate. Civil Code Art. 178. It is of no consequence that the child is legitimate or illegitimate for purposes of deciding whether the child may bring an action under Article 2315, all children have the right to bring an action for wrongful death and survival action. See Levy v. Louisiana, 253 La. 73, 216 So.2d 818 (1968). However, if the child is illegitimate, Article 209 requires that the child prove, by clear and convincing evidence, that the parent informally acknowledged the child during his lifetime.[3]

Informal Acknowledgment
In discussing informal acknowledgment, appellate decisions have generally referred to the standards set forth in the original La. Civ.Code Article 209 for proving paternity. Such factors include the alleged father's acknowledgment of the child in formal writings or in public or private conversations, causing the education of the child as his own, and living in concubinage with the mother in his home at the time of the child's conception. Sudwischer v. Estate of Hoffpauir, et al., 97-0785 (La.12/12/97); 705 So.2d 724; Chatelain, 586 So.2d at 1378. Other conduct which has been considered to constitute informal acknowledgment by the alleged father includes rearing the child in his home, naming the child in his will, giving the child his surname, and holding the child out in the community as his own. Keene, Irregular Successions in Louisiana, 7 Loy. L.Rev. 94, 102-3 (1954) However, courts have been reluctant to recognize an informal acknowledgment for purposes of filiation unless the father has recognized the child as his own unequivocally and on several occasions. Succession of Vance, 110 La. 760, 34 So. 767 (1903) (one statement by the alleged father that the doctors were wrong in predicting his children would be afflicted because Eliza James was "as healthy as anybody" did not "suffice to invest [James] with the title of a legally acknowledged ... child"); Succession of Corsey, 171 La. 663, 131 So. 841 (1930) (statements by the alleged father acknowledging Ethel Casson as his child at various times to various parties constituted acknowledgment); Succession of Matte, 346 So.2d 1345 (La.App. 3rd Cir.1977) (an informal acknowledgment of filiation must be unequivocal and sufficiently frequent so *104 that there is little doubt the alleged father truly believed he was the father of the child).
Considering the guidance provided by the original Article 209, we now look to the evidence contained in the record to determine whether informal acknowledgment was proven by clear and convincing evidence.
Joyce Schamburger, Teresha's mother, testified that Melvin Jenkins was Teresha's father. She admitted to having sexual relations with Mr. Jenkins in May 1971, and discovered she was pregnant in August 1971. Mrs. Schamburger denies having sexual relations with anyone else between May and August 1971. Teresha was born on March 16, 1972. Mrs. Schamburger claimed that Melvin came to visit Teresha when she was one week old and was overjoyed that he had a daughter. He acknowledged her as his daughter in the community where he lived and where Teresha and her mother lived. Once Mrs. Schamburger moved from New Orleans, Mr. Jenkins visited Teresha and bought her gifts throughout the years. According to Mrs. Schamburger, she was also contacted by the Social Security Administration regarding Teresha's eligibility for Melvin's disability benefits. Mrs. Schamburger stated that Teresha received social security benefits until her eighteenth birthday.[4]
Teresha Shaffer testified that she has no doubt that Melvin Jenkins was her father. She testified that she would travel to New Orleans in the summer and spend the entire summer with her father. During the summer months, Teresha would live with her grandmother (plaintiff) since her father was residing with her at the time. Teresha maintains that her father would tell people in his community that she was his child and recalls one instance where he introduced her to a lady, saying "see, I told you that I really had a daughter." Teresha also admitted to receiving Social Security benefits until her eighteenth birthday. Teresha stated that plaintiff told her that her father was in the hospital and not doing well. She asked plaintiff whether she could bring her father to live with her because she was often the person who calmed him down when he became disruptive. Teresha submits that she spoke to her father while he was in the hospital and would call plaintiff often to ask about his condition. She testified that she was unable to take her father into her home as he died in July 1996.
In addition to the deposition testimony, Manhattan Guest House also included an affidavit by Willie Davis, Jr., the manager of Davis Mortuary Service, Inc., the funeral home that handled the arrangements for Melvin Jenkins' funeral. One of his responsibilities was to notify the New Orleans Times-Picayune of Mr. Jenkins' death and supply it with an obituary notice. Mr. Davis stated in his affidavit that Evelyn Jenkins provided him verbally and in person with the information that Mr. Jenkins was survived by a daughter, Teresha Shaffer. Mr. Jenkins obituary, dated July 12, 1996, stated that he was survived by a daughter, Teresha Shaffer.
There is an overwhelming amount of evidence that Melvin Jenkins informally acknowledged Teresha Shaffer before his death. We agree with the position of the court of appeal that considerable weight should be afforded to the testimony of Teresha Shaffer and her mother since neither party has an interest in this litigation and has no recognizable reason to embellish the truth. Melvin Jenkins acknowledged Teresha Shaffer in conversations with others and referred to her as his daughter.[5] Teresha lived with Melvin *105 and her grandmother every summer in New Orleans. She also received social security benefits in the name of her father until she was eighteen years old. This fact establishes that Melvin Jenkins, albeit indirectly, provided financial support for Teresha. Teresha visited her father, almost every summer, and lived with him and his mother. Moreover, Teresha and her mother both testified that Melvin introduced her in the community as his daughter. Based on the evidence, we find that Melvin Jenkins continuously and unequivocally recognized Teresha Shaffer as his daughter during his lifetime. Thus, we find that there is clear and convincing evidence that he informally acknowledged her as his own during his lifetime.

CONCLUSION
When a tort victim is survived by a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death. We conclude that the record is clear that Melvin Jenkins was survived by a daughter. Although that child did not timely file a filiation action, the defendant is not precluded from raising her existence as a defense as long as the defendant proves, by clear and convincing evidence, that the child was acknowledged by the tort victim before death. In the instant case, Manhattan Guest House proved that Melvin Jenkins informally acknowledged Teresha Shaffer before his death. Accordingly, we conclude that the court of appeal's opinion reversing and vacating the trial court's judgment and granting of Manhattan Guest House's exception of no right of action should be affirmed.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed. All cost are assessed against plaintiff.
LEMMON, J., concurs and assigns reasons.
JOHNSON, J., dissents and assigns reasons.
KNOLL, J., concurs in result.
JOHNSON, J., dissenting.
The majority has, in effect, denied Melvin Jenkins' survivors the right to bring any claim for his alleged wrongful death. In a move designed to avoid liability all together, defendants waited until the purported daughter's claim had prescribed, then filed an exception of no right of action to bar the mother's claim.
I agree with the trial court's determination that the evidence offered was insufficient to establish that the deceased had informally acknowledged Teresha Shaffer as his daughter. Pursuant to the Louisiana Civil Code, parents of an illegitimate child may establish filiation by making a declaration before a notary public and two witnesses. LSA-C.C. art. 203. Additionally, a child who has not been formally acknowledged may establish filiation by instituting a civil proceeding. LSA-C.C. art. 208. Louisiana Civil Code Article 209 provides:
* * *
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing *106 the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
(Emphasis added).
In this case, the purported daughter has never instituted an action to establish filiation. Two years after Melvin Jenkins' death and twenty-six years after Teresha's Shaffer's birth, defendants have asserted filiation on Teresha's behalf. Defendants offered as evidence the testimony of Teresha and her mother, who both testified that the deceased recognized Teresha as his daughter by visiting her and allowing her to visit him during the summers. Defendants ask us to give great weight to the testimony of Teresha and her mother that Teresha received Social Security benefits until her eighteenth birthday. However, no social security records were submitted into evidence and made part of the record.
I believe that the unsupported testimony of the purported daughter and her mother is insufficient to prove by clear and convincing evidence that Mr. Jenkins informally acknowledged Teresha as his daughter. Furthermore, LSA-C.C. art. 209(C) requires an illegitimate child to institute proceedings to establish filiation "within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs." Thus, Teresha's claim has prescribed. In allowing defendants to assert filiation on Teresha's behalf, the majority has given defendants greater rights than she would have.
For the foregoing reasons, I respectfully dissent.
LEMMON, J., Concurring.
La.Civ.Code art. 2315.2 recognizes that the child of the deceased tort victim has a right of action to recover wrongful death damages, to the exclusion of the tort victim's parents. The right of action exists whether the child is legitimate, legitimated[1] or illegitimate. Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968). And when a child's right of action exists, the parent's right of action does not.
Because of the proof problems involving the filiation of illegitimate children, the Legislature adopted a reasonable scheme which allows such children to prove filiation, generally for inheritance purposes, but limits the time for the child to do so.[2]See La.Civ.Code arts. 208-209. Plaintiff argues in this case that the Legislature did not intend for a tortfeasor to benefit, when a child who could prove filiation fails to do so, by interposing the existence of the acknowledged illegitimate child as a bar to recovery by a member of a lower category of beneficiaries under Article 2315.2. However, the existence of either a legitimate, legitimated or illegitimate child precludes the mother's wrongful death right of action, if the tortfeasor can prove the person's status as a child. The degree and manner of proof is different depending on the child's status as legitimate, legitimated or illegitimate, but the issue is the samewhether the tortfeasor may benefit by being exonerated from liability either to the child who did not assert his or her right of action, or to a parent who would have a right of action in the absence of the child.
Here, defendant proved the existence of an acknowledged illegitimate child which precludes the mother's right of action, notwithstanding that the child did not assert her right of action.
NOTES
[1] In her petition, she also claimed that no filiation actions had been instituted within one year of Melvin Jenkins' death.
[2] Teresha Shaffer did not file a wrongful death or survival action on behalf of the decedent, and any actions she may have had were prescribed when defendant filed its exception.
[3] La. Civ.Code article 209(B) provides that when a parent is deceased, the child must prove, by clear and convincing evidence, acknowledgment.
[4] No social security records were submitted into evidence and plaintiff did not deny that Teresha's received benefits in Melvin's name in any of the lower courts. In fact, both courts accepted the contention that Teresha received Mr. Jenkins' Social Security benefits.
[5] Attached to its brief in this court, Manhattan Guest House attached copies of Melvin Jenkins' medical records. The records contain a statement from Melvin stating that he has a daughter and three grandchildren. Teresha has three children. Plaintiff filed a motion seeking to strike the exhibits. We agree with plaintiff that these documents should not be considered by this court as the documents do not form part of the record.
[1] See La.Civ.Code art. 199.
[2] The limitation is not applicable when the child claims filiation for the purpose of establishing the right to recover tort damage. In the present case, the child could still prove filiation to establish her right of action for wrongful death damages, but her cause of action in tort is prescribed.