CRAIN, J.
lain this proceeding, the trial court granted joint custody of a minor child to the plaintiff, who asserts that he is the father of the child, and to the mother, with the plaintiff being designated as the domiciliary parent. The mother asserts on appeal that the plaintiff failed to establish his *378 legal filiation to the child and, therefore, should have been held to the more demanding burden'of proof applicable to a nonparent in a custody proceeding, We find that the petition filed by the plaintiff gave sufficient notice to the defendant of the plaintiffs claim of paternity,1 and the trial court was not manifestly erroneous in determining that the plaintiff was the father of the child. Consequently, the burden of proof imposed upon a nonparent in a custody proceeding is not applicable in this case, and the judgment of the trial court is affirmed. '
FACTS
.Robert Lee Jackson instituted-this proceeding against LaQuinta McNeal, seeking custody of the “parties^] minor child,” Robert Lee Jackson, Jr. The petition, which was verified by Jackson, alleges that he “has a good relationship with his son and can provide a stable home life for the minor child.” Jackson sought sole or joint custody of the minor child, along with support and medical insurance contributions from McNeal. The trial court signed an order attached to the petition that directed McNeal to appear on a specified date and show cause why the requested relief should not be granted. An affidavit by Jackson’s attorney — filed thereafter attests that McNeal was served by “Long Arm” service through certified mail, personally received by her approximately eight weeks before the assigned hearing date.
Is An attorney purporting to represent McNeal contacted counsel for Jackson to inquire about a possible continuance of the hearing. After Jackson’s counsel expressed her opposition, the attorney advised that he would be filing a motion to continue. Jackson’s counsel received no further communication from anyone on behalf of McNeal prior to the hearing, and the matter proceeded as scheduled. ■
The evidence presented at the hearing was limited to testimony from Jackson, who addressed his relationship with McNeal and the minor child in -the following exchange with his attorney: -
Q [Ejxplain ■ your relationship to the court with'Ms. McNeal.
A She was my girlfriend.
Q And did you all have a child?
A Yes.
Q When was that child born?
A November 2nd, 2012.
Q And what is that child’s name?
A Robert Lee Jackson, Jr.
Q Did you all live together when y’all were in a relationship?
A Yes, Ma’am.
Q And did you live together once the child was born?
A Yes, Ma’am.
Q When did you all stop living together?
A This year [2014]. February of this year.
This information, along with other testimony from Jackson describing his current employment, living arrangements, and relationship with his other children, |4was not contradicted, as McNeal did not attend the hearing and no attorney appeared on her behalf.
The trial court signed a judgment awarding joint custody of the minor child to Jackson, referred to in the judgment as “Father,” and to McNeal, referred to as “Mother.” The judgment designated Jackson as “the domiciliary' parent” and ordered McNeal to pay child support and a proportionate share of certain expenses. After an unsuccessful attempt to have.the *379 judgment vacated, McNeal filed a motion for appeal.[1]
In her single assignment of error on appeal, McNeal characterizes Jackson as a “non-parent” and contends that the trial court erred in awarding custody to him in the absence of a finding that an award of custody to either parent would' result in substantial harm to the child, a requirement of Louisiana Civil Code article Í33 when someone other than the parent of the child seeks custody. The applicability of Article 133, and thus the merit of the assignment of error, depends entirely upon McNeal’s ássertion that Jackson is a'non-parent because he failed to plead and prove his legal filiation to the minor child.
DISCUSSION
A man may institute an action to establish his paternity of a' child at any time, unless the child is presumed to be the child of another man or if the child is deceased, in which case certain time limits are applicable. See La. Civ.Code art. 198. McNeal argues that' Jackson did not file a suit to establish paternity and did not request any such relief in this proceeding'.
[ ¡Although Jackson did not caption the present suit as a paternity or avowal action, our supreme court has held that a plaintiff need only plead the- material facts necessary to state an avowal action to give fair notice to the defendant that his paternity is at issue in the action. See Miller v. Thibeaux, 14-1107, (La.1/28/15), 159 So.3d 426; 431; Udomeh v. Joseph, 11-2839 (La.10/26/12), 103 So.3d.343, 351. So long as the facts constituting the claim have been alleged and proved, the party may be granted any relief to which he is entitled under the fact pleadings and evidence, when the due process requirement of adequate notice^ to the parties of the matters to be adjudicated has been satisfied. See La.Code Civ. Pro. art. 862; Miller, 159 So.3d at 432; Udomeh, 103 So.3d at 349. Bare allegations of paternity are sufficient to state an action to establish' filiation, even if the plaintiff does not specifically request a judgment of paternity. See Miller, 159 So.3d at 432-33; Udomeh, 103 So.3d. at 350-51. Thus, the failure of a putative father to request a finding of filiation does not prevent a court from rendering a judgment of paternity based on the facts pled, Miller, 159 So.3d at 432; Udomeh, 103 So.3d at 351.
In Udomeh, the issue of filiation arose in the context of a wrongful death and survival action filed by a putative father based upon the death of an illegitimate child. Udomeh, 103 So.3d at 344-45. Some of the defendants filed exceptions asserting that the putative father had no right of action, because he had not established his filiation to the deceased child in an avowal action under Article 198. Udomeh, 103 So.3d at 344. The trial court granted the exceptions and dismissed the claims against those defendants, and the court of appeal affirmed. Udomeh, 103 So.3d at 345-46. -
| fiIn reversing the judgments of the lower courts, the supreme court agreed with the: defendants’ initial -premise that the filiation' provisions -of Article 198 apply to actions under Louisiana Civil Code articles 2315.1 and 2315.2; therefore, a putative father is required to file a timely avowal action ,in order to maintain a wrongful death and survival action for the death of *380 his illegitimate child. Udomeh, 103 So.3d at 348. However, the court held that the petition for damages filed in that proceeding alleged sufficient facts to give notice to the defendants of a filiation claim by the putative father. See Udomeh, 103 So.3d at 349. In so holding, the court relied upon Louisiana Code of Civil Procedure article 862, which provides that a final judgment “shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief.” See Udomeh, 103 So.3d at 348-49.
The Udomeh court pointed out that the petition referred to the deceased child as the “minor child” and “minor son” of the plaintiff, alleged that the plaintiff and one of the defendants “were the biological parents” of the child, and alleged that the plaintiff supported and acknowledged the child. Udomeh, 103 So.3d at 349. The court reasoned that within the context of a wrongful death and survival action, a putative father’s allegations of biological filiation with the deceased child can reasonably be construed as stating an avowal action, because no other purpose is served by the allegation of filiation. See Udomeh, 103 So.3d at 351. If successful, the avowal action would result in a judgment of paternity, which, in turn, would establish the plaintiffs right to enforce the causes of action granted by Articles 2315.1 and 2315.2 for the death of the minor child. See Udomeh, 103 So.3d at 351. The court therefore reversed the judgments granting and affirming the exception of no right of action.
|7The supreme court reached the same conclusion in Miller, where the plaintiff in a wrongful death and survival action alleged in his petition that the deceased minor child was his “son” and that the plaintiff was “the biological father of the deceased.” Miller, 159 So.3d at 430 Following the reasoning of Udomeh, the court explained. “By alleging his biological paternity of the child in his wrongful death and survival petition., the plaintiff provided the defendants fair notice of the issue of filiation in this case.... [Tjhere was no other purpose an allegation of biological paternity could have served.” Miller, 159 So.3d at 433.
In the present proceeding, as in Udomeh and Miller, Jackson did not request a declaration of paternity in his petition; however, the pleading does contain bare allegations of paternity comparable to the allegations that the supreme court determined were sufficient to assert an avowal action in Udomeh and Miller, Jackson filed the petition seeking to obtain custody of the minor child and support from McNeal, and he alleges that the child is “his son” and is the “minor child” of “the parties.” The petition further sets forth that Jackson and McNeal were in a relationship for two years, and that they and the minor child lived together until McNeal abruptly moved to another state, taking the child with her. The petition also alleges that Jackson “has two other children” and “can provide a stable home life for the minor child.”
By alleging his paternity of the minor child in a petition seeking custody and support, Jackson provided McNeal fair notice of the issue of filiation in this case. In the context of a custody proceeding, no other purpose could be served by an allegation of paternity. Where the petition in such a proceeding refers to the child as the plaintiffs “son” and “minor child,” the pleading cannot reasonably be construed, as McNeal contends, to be an action filed by a nonparent. We therefore |sconclude that the allegations of paternity in Jackson’s petition were sufficient to state an action to establish filiation in this proceeding.
*381 We next address the assertions by McNeal that Jackson failed to present sufficient evidence to establish his paternity and that the trial court did not state that it found Jackson to be the father of the child. In response to the second contention, we note that the judgment signed by the trial court expressly refers to Jackson as the “Father” and designates him to be “the domiciliary parent.” Accordingly, we find no merit to the suggestion that the trial court made no finding as to the paternity of the child.
As to the sufficiency of the evidence, proof of paternity under Article 198 may be made by any relevant evidence, including the same type of evidence used in an action by or on behalf of a child to prove his paternity under Louisiana Civil Code article 197. See La. Civ.Code art. 198, Revision Comment (b). Examples of such relevant evidence include blood tests, an informal acknowledgment, and cohabitation of the mother and father at the time of conception. See La. Civ.Code art. 197, Revision Comment (c); Jenkins v. Mangano Corporation, 00-0790 (La.11/28/00), 774 So.2d 101, 103. The standard of persuasion is a preponderance of the evidence. See La. Civ.Code art. 198, Revision Comment (b); Cook v. Sager Brown School, 486 So.2d 981, 982 (La.App. 1 Cir.1986). Proof of paternity is a factual question, and a trial court’s determination of the issue should not be disturbed absent manifest error. State ex rel. Department of Social Services v. Johnson, 98-2712 (La.App. 1 Cir. 2/18/00), 753 So.2d 388, 392.
While the evidence was limited to testimony from Jackson, he confirmed that the minor child was born while he and McNeal were in a relationship and were living together. Jackson testified that he was the father, and'the child was given |flthe same first, middle, and, last name of Jackson, followed by the suffix “Jr.” This court found similar evidence sufficient to establish paternity in Cook, where the plaintiff testified that he was the father of the child, the plaintiff and the mother of the child lived together at a time when conception of the child was possible, and the mother gave the child the same first and middle names as the plaintiff. Cook, 486 So.2d at 982-84. In the present case, we likewise find no manifest error in the factual conclusion by the trial court that Jackson is the father of the minor child.
Based upon the foregoing, we conclude that Louisiana Civil Code article 133 is not applicable to the present claim for custody; therefore, Jackson was not required to prove that an award of custody to either parent would result in substantial harm to the child. The assignment of error asserted by McNeal is without merit.
CONCLUSION
We maintain the appeal and affirm the judgment of the trial court. All costs of this appeal are assessed to LaQuinta McNeal.[2]
APPEAL MAINTAINED; JUDGMENT AFFIRMED.
HOLDRIDGE, J., concurs with reasons.

. The record lodged on appeal initially contained an incomplete copy of the judgment, which prompted this court to order the parties to show cause whether thfe appeal should or should not be dismissed. This potential defept.in the appeal was.cured when the record was later supplemented.to include a complete copy of the judgment, and we maintain the appeal. ' "

. Jackson requested an award of attorney fees in his appellate brief; however, he did not file an answer to the appeal, nor are we aware of any authority supporting an award of attorney fees under the circumstances of this case. That request is denied.