2016-0525 (La.App. 4 Cir. 12/7/16)

**Suzanne LADMIRAULT**

v.

**SUCCESSION OF Donald HUMPHREY and Donelle Humphrey Franklin, Individually and as Independent Administrator of the Succession of Donald Humphrey**

NO. 2016–CA–0525

Court of Appeal of Louisiana, Fourth Circuit.

DECEMBER 7, 2016

---

MONIQUE N. GREEN, THE LAW OFFICE OF MONIQUE GREEN, LLC, 10555 Lake Forest Blvd. Suite 7–B, New Orleans, Louisiana 70127, COUNSEL FOR PLAINTIFF/APPELLEE

RACHEL C. SCHMIDT, RACHEL C. SCHMIDT, LLC, 2341 Metairie Road, Metairie, Louisiana 70001, COUNSEL FOR DEFENDANT/APPELLANT

(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard, Judge Madeleine M. Landrieu)

JAMES F. MCKAY III, CHIEF JUDGE

In this filiation case, the defendant, Donelle Humphrey Franklin, individually and in her capacity as the independent administrator of the succession of Donald Humphrey, appeals the trial court's judgment in favor of the plaintiff, Suzanne Ladmirault. We affirm.

## FACTS AND PROCEDURAL HISTORY

Donald N. Humphrey, a resident of New Orleans, Louisiana, died intestate on July 13, 2013. Following Mr. Humphrey's death, his succession was opened in Civil District Court for the Parish of Orleans under Docket No. 2013–08841 by his daughter, Donelle Humphrey Franklin, holding herself out as Mr. Humphrey's only child and sole heir to his estate. However, on July 2, 2014, Suzanne Ladmirault filed a petition to establish paternity, seeking to prove that Donald Humphrey was her father.

On January 11, 2016, the matter proceeded to trial. Ms. Ladmirault contended that she, Danielle Rush, and Raymond Williams were also the children of Mr. Humprrey. Ms. Franklin took the position that she was Mr. Humphrey's legitimate daughter and only child, while the others were just individuals that her father had helped or mentored and not his children.

At trial, Ms. Ladmirault testified that Mr. Humphrey had always held himself out to be her father. Her position was supported by a number of exhibits introduced into evidence as well as the testimony of her husband, Troy Ladmirault. Ms. Ladmirault testified that Mr. Humprey walked her down the aisle at her wedding and acted as her escort at all of her debutante balls. She introduced into evidence the following items: a newspaper clipping from one of her debutante balls which listed Mr. Humphrey as her father; her wedding program which listed Mr. Humphrey as her father; a funeral program

from Mr. Humphey's father's (Donald Humprey, Sr.) funeral which listed her as a granddaughter; a benefits letter from MetLife naming her as beneficiary to Mr. Humphrey's life insurance policy; and Mr. Humphrey's funeral program which listed her, Ms. Franklin, Danielle Rush, and Raymond Williams all as his children.[1]

Troy Ladmirault testified that he and Suzanne Ladmirault had been married since 1992 and that Mr. Humphrey continually referred to Ms. Ladmirault as his daughter and would leave voice messages for her saying: "This is your father, Suzanne, call me." Mr. Ladmirault also testified that Mr. Humphey stayed with them for several weeks when he was sick and paid half the tuition for their daughter at Ursuline.

At trial, Ms. Franklin took the position that she was Mr. Humphrey's only child and sole heir. She testified that she had been estranged from her father for a number of years, but after they had reconciled he told her that she was his only child and he had no others; she could not however remember exactly when she was told this by her father. She also testified that her uncle could not validate that Ms. Ladmirault was his brother's biological daughter. She also brought up the issue that Ms. Ladmirault's maiden name was Dright and that Mr. Humphrey's name did not appear on Ms. Ladmirault's birth certificate. However, Ms. Franklin did admit that after Mr. Humphrey died, she and Ms. Ladmirault prepared his funeral program and both of them as well as Danielle Rush and Raymond Williams were all listed as his children.

Following trial, on January 27, 2016, the trial court rendered a judgment granting Ms. Ladmirault's motion to establish paternity. The trial court found that Donald Humphrey was the biological father of Suzanne Ladmirault. It is from this judgment that Ms. Franklin, both individually and in her capacity as independent administrator of the succession of Donald Humphrey, now appeals.

## DISCUSSION

On appeal, Ms. Franklin raises the following assignments of error: 1) the trial court erred by granting Suzanne Ladmirault's motion to establish paternity and declaring her to be the "biological daughter" of Donald Humphrey; and 2) the evidence presented at trial did not rise to the level of clear and convincing.

■ Proof of paternity is a factual question, and a trial court's determination of the issue should not be disturbed absent manifest error. Jackson v. McNeal, 2015-0067 (La.App. 1 Cir. 7/13/15), 180 So.3d 376.

According to Louisiana Civil Code Article 197:

A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence. For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father. La. C.C. art. 197.

■ Factors used in proving paternity include the alleged father's acknowledgement of the child in formal writings or in public or private conversations, causing the education of the child as his own, living in concubinage with the mother in his

---

1. On a number of these exhibits prior to her marriage, Ms. Ladmirault's name appears as Suzanne Pleshette Dright.

home at the time of the child's conception, rearing the child in his home, naming the child in his will, giving the child his surname, and holding the child out in the community as his own. Jenkins v. Mangano Corp., 2000–0790, pp. 3–4 (La. 11/28/00), 774 So.2d 101, 103. Absent other evidence, acts by the alleged father recognizing an illegitimate child as his own must be unequivocal and frequent to constitute an informal acknowledgement for purposes of filiation; this is particularly so when the illegitimate must prove filiation by clear and convincing evidence, such that the actions by alleged father must be of such frequency that trier of fact is convinced that paternity is highly probable, that is, much more probable than its non-existence. Sudwischer v. Estate of Hoffpauir, 97–0785, pp. 14–15 (La. 12/12/97), 705 So.2d 724, 731.

In the instant case, Ms. Ladmirault filed her petition to establish paternity on July 2, 2014. This filing was within one year from the date of Mr. Humphrey's July 13, 2013 death.

At trial, Ms. Ladmirault supported her position with her testimony, her husband's testimony and a number of exhibits introduced into evidence. She testified that she had always known Mr. Humphrey to be her father and that he had escorted her to her debutante balls and walked her down the aisle at her wedding. Ms. Ladmirault's husband testified that Mr. Humphrey regularly identified himself as Ms. Ladmirault's father. Her husband also testified that Mr. Humphrey stayed with them for several weeks while he was ill and that Mr. Humphrey paid for half of their daughter's tuition at Ursuline. Ms. Ladmirault also introduced newspaper clippings, wedding programs, funeral programs and a letter from an insurance company into evidence. These items all tended to support her contention that Mr. Humphrey held out Ms. Ladmirault to the com-

munity to be his daughter by what one would consider to be clear and convincing evidence. Ms. Franklin's attempt to rebut Ms. Ladmirault's case is based only on her own self-serving testimony and hearsay.

## CONCLUSION

Based on the record before this Court, we affirm the judgment of the trial court which granted the petition to establish paternity filed by Suzanne Ladmirault.

**AFFIRMED.**