I, STEWART, J.
In this tort claim based on negligence, the plaintiffs, Mr. and Mrs. Alvin Bass, appeal the trial court’s ruling that granted a motion for summary judgment in favor of the defendant Trooper Michael Evans in his official capacity as a Louisiana State Police Officer for the Louisiana Department of Public Safety and Corrections, and assigned all costs with the plaintiffs. We affirm.
FACTS
On January 17, 1996, in Tensas Parish, Louisiana on La. Highway 4, Milepost 154 at approximately 5:15 p.m., Brian Daves was driving a 1987 Nissan Sentra owned by his father, John Daves, when a collision occurred between his vehicle and the bicycle on which Shana Bass was riding. Shana Bass was killed as a result. Daves admitted that he was traveling 65 to 70 mph in a 55 mph zone. However, Trooper Evans, who was on duty at the scene of the accident, failed to issue a speeding ticket to Daves. Trooper Evans took a blood sample from the body of the deceased, but he did not take a blood sample from Daves. Instead, Trooper Evans administered a Toxhizer 5000, a breathalyser test, at the accident scene.
This suit was filed by Alvin and Deborah Bass, parents of the decedent, against Brian Daves, John Daves, Safeway Insurance Company, and Louisiana State Trooper Evans. The trial court found that no genuine issues of material fact existed with respect to Trooper Evans’ participation in the accident and, as a result, granted a motion for summary judgment in favor of the defendant.
DISCUSSION
By assignment of error, the plaintiffs contend that their civil claim against Daves has been impaired because Trooper Evans breached his duty to the plaintiffs by failing to take certain actions in his investigation of the accident. Specifically, the plaintiffs argue that Trooper Evans failed to complete an accurate and correct report. The plaintiffs point out that the report submitted failed to show that Daves | ¿was driving without insurance. Furthermore, plaintiffs argue that Trooper Evans is hable in this matter because he failed to issue tickets to Daves for driving without insurance and for speeding, even though Daves admitted to speeding on two occasions, both at the deposition and at the scene of the accident. Moreover, the *993 plaintiffs argue that a blood analysis was . not administered to Daves at the time of the accident.
Essentially, plaintiffs argue that there are issues of material fact that have not been defeated through discovery devices. The plaintiffs assert that because Daves was not issued a ticket for speeding, negligent homicide or reckless operation, and since, likewise a blood analysis was not given to Daves, they were hindered from fully pursuing their daughter’s cause of death. In short, the plaintiffs argue that Trooper Evans breached a duty to the public in general and specifically to their daughter, the decedent, by continuing to allow Daves to operate a motor vehicle on public highways.
Summary judgments are subject to a de novo review under the same criteria applicable to the district court’s consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment should be granted if the pleadings, deposition, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Mixon v. Progressive Specialty Co., 29,698 (La.App. 2nd Cir. 6/18/97), 697 So.2d 662.
Where the moving party will not bear the burden of proof at trial on the matter before the court on summary judgment, La. C.C.P. art. 966 requires only that the moving party point out that there is an absence of factual support for one or more of the essential elements to the adverse party’s claim, action, or defense. |aIf the nonmoving party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2); Berzas v. OXY USA, Inc., 29,835 (La.App. 2nd Cir. 9/24/97), 699 So.2d 1149.
Further, La. C.C.P. art. 967 provides that when a motion for summary judgment is made and supported as provided above, an adverse party may not rest on his pleadings, but his responses, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Under Louisiana jurisprudence, in order for a plaintiff to recover damages under the theory of tort, each element of the duty risk analysis must be met. The elements of the duty risk analysis are as follows: (1) the risk of harm encountered by plaintiffs falls within the protection of a legal duty owed to plaintiffs by defendant; (2) defendant breached a legal duty owed to the plaintiffs; (3) defendant’s breach of duty was a cause-in-fact of plaintiffs injuries; and (4) plaintiffs were damaged by defendant’s conduct. Whatley v. Caddo Parish Sheriff's Department, 27,321 and 27,322 (La.App. 2nd Cir. 9/27/95), 661 So.2d 557.
The only legal duty the state police have in investigating an accident is stated in La. R.S. 32:398(D). Under La. R.S. 32:398(D), the duty of the investigating officer is to investigate all accidents required to be reported by that section and to instruct the driver of each vehicle involved in the accident to report the name and address of the owner and driver of the vehicle, the license number of the vehicle, the name of the liability carrier for the vehicle, and the name, address, and telephone number of the insurance agent who procured the liability policy providing coverage for the vehicle.
Ijndeed, the purpose of La. R.S. 32:398(D) is to facilitate civil claims that might arise from automobile accidents by providing the identity of the involved par *994 ties. See Williams v. General Motors Corp., 607 So.2d 695 (La.App. 4 Cir.1992).
In support of their contention that a legal duty was breached, the plaintiffs cite Fischer v. Travelers, 429 So.2d 538 (La.App. 4 Cir.1983) where the Fourth Circuit affirmed a trial court judgment holding a New Orleans police officer liable for failing to fill out an accident report. The court reasoned that the officer’s failure to fill out the report prevented the plaintiff from learning the name or address of the other driver in the accident, therefore the plaintiff lost his ability to sue the other driver for damages. As such, the court concluded that the plaintiff fell within the scope of the protection of La. R.S. 32:398(D).
We agree with the trial court and find that the Fischer case is not applicable to the case at hand because Trooper Evans did fill out an accident report and all of the required information was noted on the report. Trooper Evans conformed with the legal duty involved in accident investigation. Furthermore, a civil action was initiated based on the accident. Therefore, the plaintiffs’ ability to pursue their claims against Daves has not been impaired. We believe that since there was no legal duty owed to the plaintiffs in this case, beyond the one just discussed, element number two of the four elements of the duty-risk analysis has not been met.
The plaintiffs further allege that they were hindered from fully pursuing the cause of their daughter’s death because Trooper Evans failed to administer a blood alcohol test to Daves after the accident. Under La. R.S. 32:666 and La. R.S. 32:664, in all cases where a traffic fatality has occurred or where a person has | Ssustained serious bodily injury as a result, a blood test must be administered.[1] In this case, Trooper Evans administered the Toxilizer 5000, a breathalyser test, rather than the requisite blood test. We believe that even though a blood test should have been administered, the fact that Trooper Evans administered a chemical test did not fully hinder the plaintiffs from pursuing their civil remedy. However, we note that Trooper Evans may be subject to administrative proceedings because of his failure to fully comply with the statute.
As such, we believe, as did the trial court, that Trooper Evans is not in any way liable to the plaintiffs for damages. In its written reasons for judgment, the trial court stated:
The fact that plaintiffs are unsatisfied with Trooper Evans’ investigation of the accident is not enough to establish any type of liability on the part of Trooper Evans. Therefore, because there are no genuine issues as to material fact with respect to Trooper Evans’ participation in the accident, and as a matter of law, Trooper Evans is entitled to judgment.
*995 We agree. As such, we ñnd no merit to the plaintiffs’ assignment of error.
CONCLUSION
For the reasons just discussed, we hereby affirm the judgment of the trial court and assess all costs to the plaintiffs.
AFFIRMED.
CARAWAY, J., concurs.
WILLIAMS, J., concurs and assigns written reasons.

. La. R.S. 32:666 provides in relevant part:
A) A person under arrest for a violation of R.S. 14:98, R.S. 14:98.1, or any other law or ordinance that prohibits operating a vehicle while intoxicated may not refuse to submit to a chemical test in any case wherein a traffic fatality has occurred or a person has sustained serious bodily injury. The law enforcement officer shall direct that a chemical test be conducted in such circumstances. A physician, registered nurse, qualified technician, or chemist shall perform a chemical test in accordance with the provisions of R.S. 32:664 when directed to do so by a law enforcement officer.
La. R.S. 32:664 provides in relevant part:
A) When a person submits to a blood test at the request of a law enforcement officer under the provisions of this Part, only a physician, registered nurse, qualified technician, or chemist may withdraw blood for the purpose of determining the alcoholic content or presence of any abused or illegal controlled dangerous substances therein. No law enforcement officer who is not otherwise qualified as a physician, registered nurse, qualified technician, or chemist may withdraw blood for the purpose of determining, or of having determined, the alcoholic content or presence of any abused or illegal controlled dangerous substances therein. This limitation shall not apply to the taking of breath specimens. Only procedures approved and promulgated by the Department of Public Safety and Corrections may be used in the analysis of blood, urine, breath, or other bodily substance.