885 So.2d 1222 (2004)
Michael FALCON, Sr.
v.
TOWN OF BERWICK.
No. 2003 CA 1861.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
*1223 Edward J. Cloos, III, Covington, for Plaintiff-Appellant Michael Falcon, Sr.
Angela M. Barbera, James L. Pate, LaBorde & Neuner, Lafayette, for Defendants-Appellees Town of Berwick and St. Paul Mercury Insurance Company.
Allen A. McElroy, Jr., McElroy & Duffy, Berwick, for Defendant-Appellee Town of Berwick.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
PARRO, J.
The plaintiff appealed from a judgment sustaining the defendants' peremptory exception and dismissing his claim for damages on the ground of no right of action. For the following reasons, the judgment is reversed, and the case is remanded to the trial court with instructions.

Factual and Procedural Background
At approximately 9:00 p.m. on October 21, 2001, Michael Falcon, Jr. was arrested for disturbing the peace, taken into custody by the Berwick Police Department, and placed in the Berwick jail. Early the following morning, he was found hanging in his cell. Michael Falcon (Falcon) filed a survival and wrongful death action against the Town of Berwick and its insurer, St. Paul Mercury Insurance Company,[1] in connection with the death of his son (the deceased). Falcon alleged that the Town of Berwick through its police department was negligent in various respects including failing to observe and monitor the deceased, who was intoxicated, in his jail cell.
With a motion for summary judgment by Falcon on the issue of liability pending before the trial court,[2] the defendants filed a peremptory exception raising the objection of no right of action, combined with an alternative motion for summary judgment, based on the fact that the deceased had left a child, Amber Micheal Falcon (Amber), whose date of birth was September 21, 2001. In connection with their filing, the defendants attached a copy of the deceased's certificate of death, Amber's certificate of birth, and an affidavit of paternity that had been executed by the deceased. The trial court found that there was sufficient documentation to establish that the deceased was the biological father of Amber at the time of his death, whom he had acknowledged by written act. Furthermore, it recognized that the birth certificate had been issued in accordance with his acknowledgement of paternity. After the hearing, the trial court concluded that Falcon was not the proper party to proceed with the suit. Falcon appeals from a judgment granting the exception of no right of action/alternative motion for summary judgment in favor of the defendants and dismissing his suit with prejudice. This judgment also denied Falcon's motion for summary judgment and the defendants' *1224 motion to strike on the ground of mootness.

No Right of Action
On appeal, Falcon contends the trial court erred in sustaining the defendants' exception raising the objection of no right of action. The peremptory exception pleading the objection of no right of action tests whether the plaintiff has any interest in judicially enforcing the right asserted. See LSA-C.C.P. art. 927(A)(5); Falco Lime, Inc. v. Plaquemine Contracting Co., Inc., 95-1784 (La.App. 1st Cir.4/4/96), 672 So.2d 356, 359. When considering the exception, we ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance. The exception does not raise the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155, 1157-1158 (La.App. 1st Cir.1992). Evidence supporting or controverting an objection of no right of action is admissible. Bank of New Roads v. Livonia South, Inc., 527 So.2d 1132, 1135 (La.App. 1st Cir.), writ denied, 532 So.2d 150 (La.1988). The party raising a peremptory exception bears the burden of proof. Falco Lime, 672 So.2d at 359. To prevail on a peremptory exception pleading the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Jackson v. Slidell Nissan, 96-1017 (La.App. 1st Cir.5/9/97), 693 So.2d 1257, 1261. Accordingly, we find that the trial court erred in requiring that Falcon show that he was in the class of persons who can bring the survival and wrongful death actions. Instead, the defendants, as the exceptors, had the burden of showing that Falcon did not have an interest in the subject matter of the suit. Thus, we must determine if the defendants satisfied their burden.
Generally, an action can only be brought by a person having a real and actual interest that he asserts. LSA-C.C.P. art. 681. Louisiana Civil Code articles 2315.1 and 2315.2 set forth respectively the survival action and the wrongful death action and list the classes of beneficiaries for those actions. The classes of beneficiaries are listed in both articles as follows: (1) the surviving spouse and child or children of the deceased, or either the spouse or the child or children; (2) the surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving; and (4) the surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
The primary category of beneficiaries under both articles includes "children" of the deceased tort victim.[3] If a tort victim is survived by a spouse or a child, the parents of the tort victim have no right to recover for the damages sustained by the victim or for their own damages for the victim's wrongful death. Jenkins v. Long Term Care Managers, Inc., 99-386 (La.App. 5th Cir.2/16/00), 758 So.2d 863, 864-865, affirmed, 00-0790 (La.11/28/00), 774 So.2d 101. Thus, the issue to be resolved in this case is whether the defendants proved that the deceased was survived by a child whose existence *1225 would preclude Falcon from making a claim.
In support of their exception, the defendants urged that Falcon did not have a right of action because the deceased left a child as evidenced by the certificate of birth and a formal acknowledgement of paternity by the deceased. Falcon submits that the proof offered by the defendants was insufficient to defeat his claim in that there is no evidence in the record to prove that the deceased was survived by anyone other than himself. In light of the defendants' failure to produce any evidence as to the child's existence at the time of the deceased's death, we conclude the trial court erred in sustaining the defendants' exception raising the objection of no right of action.[4] The fact of birth does not equate to proof of survival, nor can the presumption of life implicitly recognized in LSA-C.C. art. 54 be used to defeat Falcon's right of action under the facts of this case. Having so found, we pretermit discussion of the issue of whether the defendants proved that Amber was a child of the deceased.

Motion for Summary Judgment
Falcon urges that the trial court erred in failing to grant his motion for summary judgment on the issue of liability. The judgment reflects that Falcon's motion was found to be moot in light of the trial court's ruling on the exception/motion filed by the defendants. In light of our reversal of the trial court's ruling on the defendants' exception/motion, Falcon's motion for summary judgment is no longer moot. However, because the trial court failed to rule on this motion, we decline to exercise our power of review. Accordingly, we remand to the trial court for consideration of Falcon's motion for summary judgment, as well as the defendants' connected motion to strike that was also not considered by the trial court on the ground of mootness. See Southern Tool & Supply, Inc. v. Beerman Precision Inc., 01-1749 (La.App. 4th Cir.5/1/02), 818 So.2d 256, 263, writs denied, 02-1509, 02-1515, and 02-1531 (La.9/20/02), 825 So.2d 1177, 1178, and 1179.

Decree
For the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded to the trial court for disposition of Falcon's motion for summary judgment and the defendants' motion to strike. Costs of this appeal are assessed to the defendants.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GUIDRY, J., concurs in the result.
NOTES
[1] St. Paul Mercury Insurance Company was added as a defendant in Falcon's first amending petition.
[2] The defendants had filed a motion to strike an attachment to Falcon's motion for summary judgment.
[3] The term "children" includes "those persons born of the marriage, those adopted, and those whose affiliation to the parent has been established in the manner provided by law." LSA-C.C. art. 3506(8); Thomas v. Sister of Charity of the Incarnate Word Shreveport, 97-1443 (La.7/8/98), 713 So.2d 466, 468.
[4] For this same reason, we conclude that the defendants failed to show the lack of a genuine issue of material fact such that they would be entitled to judgment as a matter of law. See LSA-C.C.P. art. 966(B).