WALTER J. ROTHSCHILD, Judge.
 

 | .¿This is an appeal from a judgment of the trial court sustaining defendant’s exceptions of no right and no cause of action. For the reasons stated herein, we affirm.
 
 Facts
 

 Plaintiff, Joseph Laguerre, filed the instant petition for damages alleging he was involved in an automobile accident with a hit and run driver on January 3, 2007. Plaintiff alleges that he subsequently discovered that the vehicle involved in the accident was owned by Alfredo Mendez and that plaintiff located this vehicle near the accident scene. Plaintiff notified the Louisiana State Police who investigated the accident and had the vehicle towed to an impound yard on the basis of abandonment.
 

 In his petition, plaintiff named as defendants the owner of the vehicle, Alfredo Mendez, as well as the Louisiana State Police. Plaintiff alleged that |sthe failure of the Louisiana State Police to perform any further investigation of the accident beyond the impoundment of the vehicle deprived him of his right to recover for his injuries sustained in the accident. Plaintiff alleges that the State Police officers were obligated to perform a follow-up investigation to locate and cite the driver of the hit and run vehicle.
 

 The State of Louisiana, through the Department of Public Safety and Corrections, responded to this petition with peremptory exceptions of no right and no cause of action. The State submitted a copy of its initial police report for this accident and argued that the police had a duty to the public-at-large to investigate' the accident but had no duty to perform a follow-up investigation as alleged by plaintiff. Following a hearing, the trial court sustained the exceptions and dismissed plaintiffs claims against the State. This appeal followed.
 

 Law and Discussion
 

 The Louisiana Supreme Court set forth the rule of law on the exception of no right of action in
 
 Lotúsiana Paddlewheels v.
 
 
 *898
 

 Louisiana Riverboat Gaming,
 
 94-2015 (La.11/30/94), 646 So.2d 885 at 888:
 

 An action can only be brought by a person having a real and actual interest which he asserts. La.C.C.P. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La.C.C.P. art. 927(5). The function of the'exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.
 
 Babineaux v. Pernie-Baily[Bailey] Drilling Co.,
 
 261 La. 1080, 262 So.2d 328 (1972). The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation.
 

 14A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. The inquiry is whether the plaintiff has any law, statutory, jurisprudential, or arising from general principles of fault, to support his claim.
 
 Verdin v. Rogers,
 
 03-1457, p. 4 (La.App. 5 Cir. 4/27/04), 873 So.2d 804, 807,
 
 writ denied,
 
 04-1231 (La.9/24/04), 882 So.2d 1128.
 

 The exception of no cause of action was discussed in
 
 Eclipse Telecommunications Inc. v. Telnet Intern. Corp.,
 
 01-271, p. 3 (La.App. 5 Cir. 10/17/01), 800 So.2d 1009, 1011, citing
 
 City of New Orleans v. Board of Directors of Louisiana State Museum,
 
 98-1170 (La.3/2/99), 739 So.2d 748 as follows:
 

 The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. All reasonable inferences are' made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff.
 

 A court of appeal reviews de novo a lower court’s ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court’s decision is generally based only on the sufficiency of the petition. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief.
 

 The allegations of plaintiffs petition indicate that the State Police investigated this traffic accident and instructed the hit- and-run vehicle be towed to an impound lot. However, plaintiff alleges that the State Police was obligated to perform a follow-up investigation to locate and arrest the |5driver of the hit-and-run vehicle as part of their non-discretionary duties. Plaintiff alleges that the failure of the State Police to perform any follow-up investigation deprived plaintiff of his chance for recovery. Further, plaintiff alleges that the duty of the State Police to perform a follow-up investigation of the hit- and-run driver extended beyond the duty to the general public and individually to plaintiff.
 

 La. R.S. 32:398(D) sets forth the legal duty of the State Police to investigate accidents, and states in pertinent part:
 

 It shall be the duty of the state police or the sheriffs office to investigate all accidents required to be reported by this
 
 *899
 
 Section when the accident occurs outside the corporate limits of a city or town, and it shall be the duty of the police department of each city or town to investigate all accidents required to be reported by this Section when the accidents occur within the corporate limits of the city or town. Every law enforcement officer who investigates an accident, as required by this Subsection, shall instruct the driver of each vehicle involved in the accident to report the following to all parties suffering injury or property damage as an apparent result of the accident:
 

 (1) The name and address of the owner and the driver of the vehicle.
 

 (2) The license number of the vehicle.
 

 (3) The name of the liability carrier for the vehicle, the name, address, and telephone number of the insurance agent who procured the liability policy providing coverage for the vehicle.
 

 The above cited statute contains no provision requiring the State Police to perform a follow-up investigation beyond its initial investigation of this accident. Further, there is no legal authority which supports plaintiffs argument that the duty extended beyond the duty to the general public and generally to plaintiff. In this case, the State Police officers complied with |fistatutory directives to investigate this traffic accident, and it was within the discretion of the officers whether to pursue the driver of that vehicle once the vehicle had been impounded. As the officers were afforded discretion as to whether to pursue the driver beyond the impoundment of the vehicle, the State is afforded immunity from plaintiffs claim that failure to do so constituted negligence.
 
 See, White v. City of Kenner ex rel. Police Dept.,
 
 08-195, p. 7 (La.App. 5 Cir. 9/16/08), 996 So.2d 294, 298,
 
 writ denied,
 
 08-2503 (La.12/19/08), 996 So.2d 1135.
 

 Accepting as true all of the allegations of plaintiffs petition, we fail to find that the law provides any remedy to plaintiff for his claim. Absent a valid cause of action, plaintiff also has no right of action to bring these claims against defendant. Accordingly, for the reasons assigned herein, the judgment of the trial court sustaining defendant’s exceptions of no right of action and no cause of action and dismissing plaintiffs petition is hereby affirmed.
 

 AFFIRMED.