MARC E. JOHNSON, Judge.
|2In this tort suit, Plaintiff appeals a judgment maintaining' Defendant’s exceptions of no cause of action and no right of action. For the following reasons, we' affirm.

FACTS & PROCEDURAL HISTORY

In August 2014, Plaintiff, Eric Girtley, filed suit for personal injuries he allegedly sustained when he was struck by a vehicle while he was trying to cross Loyola Blvd. in Kenner at its intersection with 31st St. in his wheelchair. Plaintiff alleged that the street light near the intersection was not functioning at the time of the accident. As such, Plaintiff named Entergy Louisiana, LLC (“Éntórgy”) as a defendant, asserting that it failed to properly inspect and maintain the street light, |swhich it was contractually -obligated to: do, and that its failure created an unreasonable risk of harm which was a proximate cause of the accident.[1]
In February 2015, Entergy filed peremptory exceptions of no cause of action and no right of action. Entergy asserted that Plaintiff had no cause of action because (1) it did not owe any duty to Plaintiff' to ' continuously operate streetlights, and (2) there was no privity of- contract between Plaintiff and Entergy. It further claimed that Plaintiff did not have a right of action because he was not a party to the contract and did not Rave any interest in any contractual agreement between Enter-gy and Jefferson Parish. On April 15, 2015, after a hearing, the trial court maintained Entergy’s exceptions of no cause of action and no right of action and dismissed Plaintiffs, claims against Entergy with prejudice. Plaintiff appeals this judgment.

ISSUE

On appeal, Plaintiff argues that the trial court erred in maintaining Entergy’s exceptions of no cause of action and no right of action.-' He contends the trial court erred in finding that Entergy did not have a legal duty to maintain and replace defective street lights, despite Entergy’s written contract with Jefferson Parish to do so. Plaintiff maintains that Jefferson Parish delegated its duty to maintain and replace the street lights to Entergy through a written contract and in exchange for consideration paid to Entergy. Plaintiff asserts that the contract between Entergy and Jefferson Parish was for the safety and welfare of the citizens of Jefferson Parish; thus, the contract contained a stipulation pour autrui, which gave the citizens of Jefferson Parish the right to bring an individual suit against Entergy for its negligence in failing to properly maintain the street lights.

14LAW & ANALYSIS

The Louisiana Supreme Court has explained the criteria for deciding an exception of no cause of action as follows:
A. cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff’s right to judicially assert the action against the defendant. *354 The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading.
No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition[2] and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. [Internal citation omitted.]
Wright v. La. Power & Light, 06-1181 (La.3/9/07); 951 So.2d 1058, 1068-69. Mere conclusions of the plaintiff in his petition unsupported by facts do not set forth a cause of action. Id. at 1069.
The ruling on an exception of no cause of action is subject to a de novo review, because the exception raises a question of law and the trial court’s decision is based only on the sufficiency of the petition. Id. at 1069. The reviewing court is to determine “whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief.” Id.
The sole allegations that pertain to En-tergy in Plaintiffs petition are as follows:
V.
That the street light located at the or near the aforesaid accident, was not properly functioning and failed to properly illuminate the area where said collision occurred.
[[Image here]]
JfiVm.
That the aforesaid accident sued on herein was the fault of and proximately caused by Defendant, Entergy Louisiana, LLC, in the following, non-exclusive, respects:
(a) By failing to properly inspect the non-working street light at the subject location that failed to illuminate the subject area of the collision that it was contractually obligated to inspect;
(b) By failing to properly maintain the street light at the subject location that failed to illuminate the subject area of the collision that it was contractually obligated to maintain;
(c) By having notice of the defective streetlight [sic] and failing to repair it;
•(d) Any other acts of negligence that created an unreasonable risk of harm which were the cause of the accident sued upon which are discovered between the filing of this petition and the trial of this matter.
A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. The inquiry is whether the plaintiff has any law, statutory, jurisprudential, or arising from general principles of fault, to support his claim. Laguerre v. Mendez, 08-784 (La.App. 5 Cir. 2/25/09); 9 So.3d 896, 898. In the absence of duty, there can be no liability. Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112, 116 (La.App. 5th Cir.1986), writ denied, 497 So.2d 1013 (La.1986).
In Shafouk, supra, this court stated that there is no statutory, jurisprudential or general principle of fault that supports a *355 cause of action for negligence against a power company for its failure to provide street lighting. In so stating, we noted that there is no authority that requires a power company to provide street lighting as part of its general “public utility service.” Id. at 117.
In Shafouk, this court found that the plaintiff failed to state a cause of action in negligence against the power company, LP & L, for failing to provide adequate street lighting along a roadway and in failing to maintain those lights already installed. The plaintiff, an Egyptian citizen, was struck and killed by a vehicle and a wrongful death action was filed on his behalf, alleging that LP & L was negligent for its failure to provide and maintain adequate street lighting in the area of the accident. We found that the plaintiff failed to allege any facts that would have established a legal relationship between the plaintiff and LP & L such that LP & L could be liable under a duty-risk analysis. We specifically stated that the failure of LP & L to provide adequate street lighting was’at most the deprivation of a benefit, not the violation of a duty. Shafouk, supra at 117. Although we acknowledged that LP & L had a contract with the parish to install and maintain street lighting along the roadway at issue, we noted that the duty to supply street lighting did not extend to anyone other than the parties to the contract. Id. at 116-17.
Plaintiff does not appear to disagree with the holding of Shafouk that there is no general duty of a power company to provide street fighting. However, he argues that Entergy had a contractual obligation to provide street fighting. Plaintiff contends that unlike Shafouk, where the contract between LP & L and the plaintiff was not in the record, the contract between Entergy and Jefferson Parish is in the record and shows the extent of Enter-gy’s contractual obligation.
 As previously stated, an exception of no cause of action only considers the allegations contained in the petition and any exhibits attached to the petition. Wright, 951 So.2d at 1068; Donnaud’s, 858 So.2d at 6; Thus, the contents of the contract at issue cannot be considered unless specifically alleged or attached' to the petition: 'In 'the present case, the contract between Entergy and Jefferson Parish is not attached to Plaintiffs petition and cannot be considered in the context of an |7exception of no cause of action. . Further, Plaintiffs petition does not specifically allege the contents of the contract — it simply states a conclusory allegation that Entergy was contractually obligated to inspect and •maintain the street, fights. ■ As previously noted, conclusory allegations unsupported by facts do not state a cause of action. Wright, 951 So.2d at. 1069. Therefore, similar to Shafouk, there is no allegation in the petition that a contractual, obligation existed between Plaintiff and, Entergy regarding street fighting. As such, we find Plaintiffs petition fails to state a cause of action against Entergy — either in tort or in contract. When there is no cause of action, it follows that no one has a right of action. Shafouk, 493 So.2d at 116.
La. C.C.P. art. 934 provides that when the grounds of the objections pleaded by a peremptory exception may be removed by amendment of the petition, the judgment shall order such an amendment within a specific time delay. Accordingly, we consider Plaintiffs argument that the contract between Entergy and Jefferson Parish provided a stipulation pour autmi, for his benefit, to determine whether he can amend his petition to state a cause of action.
La. C.C. art. 1978 provides that “[a] contracting party may stipulate a ben *356 efit for a third person called a third party beneficiary,” commonly referred to as a stipulation pour autrui. Joseph v. Hospital Serv. Dist. No. 2, 05-2364 (La.10/15/06); 939 So.2d 1206, 1211. There are three criteria for determining whether contracting parties have provided a benefit for a third party, or a stipulation pour autrui: (1) the stipulation for ,a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is, not a mere incident of the contract between the prom-isor and the promisee. Id. at 1212.
Regarding the third criteria that the benefit cannot be a mere incident of the contract, the Louisiana Supreme Court explained:
| R[N]ot every promise, performance of which may be advantageous to a third person, will-create in him an actionable right. The problem is to separate the cases where an advantage has been stipulated from those where the advantage relied upon is merely an incident of the contract between the parties. ' [Internal citations'omitted.]’ '
Joseph, supra at 1212—13. In an attempt to further explain, the supreme court cited .and discussed Allen & Currey Mfg. Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980 (1905). In Allen, a water company contracted with the city to furnish water and maintain the fire hydrants. The plaintiff sued the water company for damages sustained as a result of the loss of its building due. to fire because of an alleged breach, of the water company’s obligation to maintain .the hydrants. The supreme court held that the plaintiff had no right of action because the contract was between the city and the water company, and it did not contain a stipulation pour autrui The supreme court determined that the plaintiff, as an inhabitant of the city, was merely an incidental beneficiary of the contract.
We likewise find that Plaintiff was simply an incidental beneficiary to the contract between Entergy and Jefferson Parish. Jefferson Parish contracted- with Entergy to maintain electric street light fixtures. The contract was for the benefit of Jefferson Parish and any benefit ultimately received- by Plaintiff was merely incident of the obligation Entergy owed to Jefferson. Parish. Thus, there was no stipulation pour autrui in the contract. See Burdis v. Lafourche Parish Police Jury, 542 So.2d 117 (La.App. 1st Cir.1989).[3] Accordingly, we find that Plaintiff cannot Lamend his petition to remove the grounds for the exceptions of no cause of action and no right of action.

DECREE

Based on the foregoing, we find that Plaintiff’s petition fails to state a cause of *357 action. When there is no cause of action, there can-be no right of action. Thus, the trial court properly sustained Entergy’s exceptions of no cause of action and no right of action. We further find that Plaintiff cannot remove the grounds for the exceptions by amending his petition; accordingly, the trial court properly dismissed Plaintiffs claims against Entergy. The trial court’s April 15, 2015 judgment is affirmed. Plaintiff is to bear the costs of this appeal.

AFFIRMED

. The petition includes any exhibits attached thereto. See La. C.C.P. art. 853; Donnaud's Inc. v. Gulf Coast Bank & Trust Co., 03-427 (La.App. 5 Cir. 9/16/03); 858 So.2d 4, 6, writ denied, 03-2862 (La.1/9/04); 862 So.2d 985.

. In Burdis, supra, the plaintiff was injured while riding his motorcycle on. a roadway when he failed to negotiate a curve. A street light was located at the site of the accident, but it was not working at the time of the accident. The plaintiff sued the power company, LP & L, alleging it had failed to properly maintain and repair the street light. The plaintiff further alleged that LP & L had contracted with the parish to provide and maintain the street lights along the roadway at issue. LP & L filed an exception of no cause of action claiming it had no duty to light the roadway, which was maintained.
On appeal, the First Circuit affirmed the maintaining of the exception of no cause of action. The court concluded that LP & L had no duty to provide street lighting and, therefore, no liability in negligence. The court further found no cause of action in contract. It noted that the plaintiff was not a party to the contract and had hot álleged facts which supported the finding of a stipulation pour autrui in his favor. The court considered the contract between the parish and LP & L to be for the benefit of the parish and that any benefit ultimately received by the plaintiff was a mere incident.of the obligation owed to the parish,