DYRANESHIA WARREN, ET AL

VERSUS

HDI GLOBAL INSURANCE COMPANY; ET
AL

NO. 21-CA-570

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 84,455, DIVISION "E"
HONORABLE TIMOTHY S. MARCEL, JUDGE PRESIDING


May 16, 2022


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Hans J. Liljeberg


**AFFIRMED IN PART; REVERSED IN PART; REMANDED**
    **HJL**
    **MEJ**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DYRANESHIA WARREN ET AL.

    Thomas D. Bowers, III
    Monique N. Green

COUNSEL FOR DEFENDANT/APPELLEE,
STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS, LOUISIANA STATE POLICE

    Jeffrey M. Landry
    Amber M. Babin
    Wm. David Coffey
    Thomas M. Brahney

**LILJEBERG, J.**

Plaintiffs appeal the trial court's judgment which granted the exceptions of no right of action filed by defendant and dismissed plaintiffs' claims against it. For the following reasons, we affirm in part, on other grounds, and reverse in part.

## FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident that occurred on April 13, 2017. The petition alleges that Chalanta Brown was driving a dump truck owned by her employer, KASS Bothers, Inc., on Interstate 310 in St. Charles Parish, Louisiana, when she was struck from behind by a tanker truck and trailer owned by Gaubert Oil Company, Inc. and driven by Glenn Robichaux. Plaintiffs assert that the tanker truck contained 8,500 gallons of gasoline that spilled during the collision and caused a large fire. Plaintiffs further state that the dump truck flipped onto its side upon impact, trapping Ms. Brown inside and causing her to burn to death.

On April 10, 2018, Ms. Brown's children, Dyraneshia Warren and Bobbie Franklin, Jr., individually and as the legal heirs of Ms. Brown, filed this lawsuit against several defendants, including the State of Louisiana, through the Department of Public Safety and Corrections, Louisiana State Police ("LSP"). In their petition, plaintiffs alleged that the LSP, through the acts or omissions of its investigating troopers, failed to perform adequate drug and alcohol testing to determine if Mr. Robichaux was intoxicated at the time of the accident. They asserted that Louisiana law requires blood sampling for alcohol and illegal drugs when a motor vehicle accident results in a fatality, but the investigating troopers "consciously chose to disregard the statutory obligations of these statutes and knew to a substantial certainty that said failure to follow procedures would impair later proof of intoxication." They asserted that the LSP is vicariously liable for the damages caused by the troopers' failure to follow specific procedures, and for

intentional spoliation of evidence or, alternatively, negligent spoliation of evidence.

On August 18, 2020, the LSP filed peremptory exceptions of no cause of action and no right of action. It asserted that Louisiana law does not recognize a cause of action for negligent spoliation and that plaintiffs have failed to allege any operative facts that would warrant maintaining a cause of action for intentional spoliation or failure to carry out a statutory duty. The LSP also argued that plaintiffs have no right of action against the LSP for failure to carry out a statutory duty, because the LSP owes no private duty under La. R.S. 32:681 to individuals in the investigation of an accident.

Plaintiffs filed a memorandum in opposition to the LSP's exceptions, in which they conceded that the exception of no cause of action as to negligent spoliation should be granted, but argued that they had stated valid causes of action for both intentional spoliation of evidence and failure to carry out a statutory duty. Plaintiffs further asserted that as the children and legal heirs of Ms. Brown, they have a right of action against the LSP for intentional spoliation of evidence and failure to carry out a statutory duty.

The LSP's peremptory exceptions of no cause of action and no right of action came for hearing before the trial court via Zoom on January 26, 2021. After considering the arguments of counsel, the trial court granted the LSP's exceptions of no cause of action for negligent spoliation of evidence, no right of action for intentional spoliation of evidence, and no right of action for failure to fulfill a statutory duty. The trial court signed a written judgment on February 24, 2021, dismissing all of plaintiffs' claims against the LSP with prejudice. Plaintiffs appeal.

## LAW AND DISCUSSION

On appeal, plaintiffs argue that the trial court erred by granting the LSP's exceptions of no cause of action as to their claims of intentional spoliation of evidence and failure to carry out a statutory duty. They contend that the petition adequately states a cause of action for each claim, but if the trial court found it deficient, it should have allowed them the opportunity to amend the petition. Plaintiffs also argue that the trial court erred by granting the exceptions of no right of action.

The record reflects that the trial court did not grant the LSP's exceptions of no cause of action as to intentional spoliation of evidence and failure to fulfill a statutory duty. Rather, the trial court granted the LSP's exceptions of no right of action as to these claims. The exceptions of no cause of action and no right of action are often confused or improperly combined, yet they are separate and distinct. *Badeaux v. Southwest Computer Bureau, Inc.*, 05-612 (La. 3/17/06), 929 So.2d 1211, 1216. An exception of no cause of action raises a question of whether the law affords a remedy to anyone under the factual allegations of the petition, while an exception of no right of action raises the issue of whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged. *Id.*; *Zar v. Gaudet*, 94-533 (La. App. 5 Cir. 12/14/94), 648 So.2d 1012, 1013. Appellate courts review rulings on exceptions of no cause of action and no right of action *de novo*. *Industrial Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So. 2d 1207, 1215.

The LSP raised both exceptions of no right and no cause of action in the trial court.[1] Although exceptions of no cause of action and no right of action each serve a particular purpose with different procedural rules, when there is no cause of

---

[1] We note that this Court may also raise and consider these exceptions *sua sponte*. *See* La. C.C.P. art. 927(B); *Bayou Fleet Partnership v. Clulee*, 13-934 (La. App. 5 Cir. 9/10/14), 150 So.3d 329, 333.

action, there can be no right of action. *Girtley v. ACE American Ins. Co.*, 15-397 (La. App. 5 Cir. 12/9/15), 182 So.3d 351, 357. We will first address whether the petition states a cause of action for intentional spoliation of evidence or failure to carry out a statutory duty.

A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *DiLeo v. Hansen*, 09-974 (La. App. 5 Cir. 6/29/10), 45 So.3d 1120, 1122-23. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Id.* No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931; *Show-Me Construction, L.L.C. v. Wellington Specialty Ins. Co.*, 11-528 (La. App. 5 Cir. 12/29/11), 83 So.3d 1156, 1159. For the purpose of determining the issues raised by the exception of no cause of action, all facts pleaded in the petition must be accepted as true. *Id.; Ramey v. DeCaire,* 03-1299 (La. 3/19/04), 869 So.2d 114, 118.

On appeal, plaintiffs contend that their petition states a cause of action against the LSP for intentional spoliation of evidence. The theory of "spoliation of evidence" refers to an intentional destruction of evidence for the purpose of depriving an opposing party of its use. *Pham v. Contico Intern. Inc.*, 99-945 (La. App. 5 Cir. 3/22/00), 759 So.2d 880, 882. A plaintiff asserting a state law tort claim for spoliation of evidence must allege that the defendant intentionally destroyed evidence. Allegations of negligent conduct are insufficient. *Id.; Zurich American Ins. Co. v. Queen's Machinery Co., Ltd.*, 08-546 (La. App. 5 Cir. 1/27/09), 8 So. 3d 91, 97.

The obligation or duty to preserve evidence arises from the foreseeability of the need for the evidence in the future. *Clavier v. Our Lady of the Lake Hosp. Inc.*,

12-0560 (La. App. 1 Cir. 12/28/12), 112 So. 3d 881, 885, *writ denied*, 13-0264 (La. 3/15/13), 109 So. 3d 384. Where suit has not been filed and there is no evidence that a party knew suit would be filed when the evidence was discarded, the theory of spoliation of evidence does not apply. *Desselle v. Jeff. Hosp. Dist.*, 04-455 (La. App. 5 Cir. 10/12/04), 887 So.2d 524, 534; *Quinn v. RISO Investments, Inc.*, 03-0903 (La. App. 4 Cir. 3/3/04), 869 So.2d 922, 927, *writ denied*, 04-987 (La. 6/18/04), 876 So.2d 808.

In the present case, plaintiffs' petition alleges that the investigating troopers consciously and deliberately disregarded the statutory duty to obtain Mr. Robichaux's blood and conduct the statutorily mandated blood tests and thus, they engaged in intentional spoliation of the evidence. Plaintiffs argue that while the LSP did not destroy any evidence, the law governing spoliation includes the failure to preserve and produce evidence when the person's intention is to conceal the truth. They further argue that the proposed distinction between a person who deliberately destroys evidence and a person who deliberately fails to produce evidence makes no sense in practice.

Our review of the petition for damages reveals that plaintiffs have failed to state a cause of action for intentional spoliation of evidence. Plaintiffs argue that the LSP intentionally failed to perform its duty to obtain evidence that would have determined if Mr. Robichaux was intoxicated at the time of the accident. However, plaintiffs do not allege that the LSP intentionally destroyed or concealed evidence for the purpose of depriving plaintiffs of its use.

There was clearly no pending or imminent litigation at the time of the accident. Further, there is no allegation that the results of Mr. Robichaux's blood test would have been detrimental or unfavorable to the investigating troopers or the LSP. The tort of spoliation of evidence "has its roots in the evidentiary doctrine of 'adverse presumption,' which allows a jury instruction for the presumption that the

destroyed evidence contained information detrimental to the party who destroyed the evidence unless such destruction is adequately explained." *Pham*, 759 So.2d at 882.

The law does not extend a remedy to plaintiffs for intentional spoliation of evidence by the LSP under the facts presented in the petition. Thus, plaintiffs have failed to state a cause of action for intentional spoliation of evidence.

When the grounds for the objection pleaded by a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment with the delay allowed by the court. *Kent v. Epherson*, 03-755 (La. App. 5 Cir. 12/9/03), 864 So.2d 708, 713. However, if the grounds for the objection cannot be removed, or if the plaintiff fails to comply with the order to amend, the action shall be dismissed. *Id.*; *Show-Me Construction, L.L.C.*, 83 So.3d at 1160.

Plaintiffs request that they be allowed a reasonable time to amend their petition if this Court finds that it does not state a cause of action for intentional spoliation of evidence. However, we decline to allow plaintiffs time to amend the petition, because amendment of the petition would not remove the objection.

Based on our finding that plaintiffs have no cause of action for intentional spoliation of evidence, we need not address the arguments pertaining to whether plaintiffs have a right of action. Accordingly, we affirm the trial court's ruling that dismissed plaintiffs' claims against the LSP for intentional spoliation of evidence.

We now turn to plaintiffs' assertion that the trial court erred by dismissing their claims against the LSP for failure to carry out a statutory duty. Although the trial court granted LSP's exception of no right of action on this issue, we will first address whether plaintiffs have stated a cause of action.

Plaintiffs argue that under the version of La. R.S. 32:681 in effect at the time of the accident, the LSP had a statutory duty to administer blood tests to drivers

involved in a fatal collision, and the LSP can be liable for damages resulting from the failure to perform this duty. Plaintiffs note that in 2019, La. R.S. 32:681 was amended to expand the duties of the LSP and to specifically provide that there is no cause of action against law enforcement for any act or omission taken in response to the provisions of the article. They argue that the legislature did not provide that the 2019 amendments were to be retroactive and therefore, under the law at the time of the accident, they have a private cause of action against the LSP for failing to carry out a statutory duty. Finally, they argue that while there are no reported decisions addressing this specific issue, Louisiana courts interpreting similar statutes have held that when a statute imposes a mandatory duty to investigate or perform tests, there is a private cause of action for intentional or negligent breach of the statutory duty. [2]

The LSP replies that its duty under La. R.S. 32:681 to perform post-accident testing when a fatality occurs is a public duty, not a private one owed to individuals such as plaintiffs. The LSP contends that there has never been a private right of action for breach of the requirements found in La. R.S. 32:681, because the purpose of La. R.S. 32:681 is to protect motorists and to deter driving under the influence of alcohol or drugs, not to preserve evidence for future litigation. It argues that the LSP has no duty or responsibility to individual members of the public to obtain evidence in order for them to bring private lawsuits.

At the time of the accident, La. R.S. 32:681 provided, in pertinent part:

---

[2] In support of their position, plaintiffs cite *Simmons v. State, Department of Children and Family Services*, 15-34 (La. App. 4 Cir. 6/24/15), 171 So.3d 1147, in which the Fourth Circuit found that the plaintiffs had a cause of action against a coroner for his failure to carry out his statutory duty to perform a timely autopsy and issue a death certificate. Plaintiffs also cite *Gregor v. Argenot Great Central Ins. Co.*, 02-1138 (La. 5/20/03), 851 So.2d 959, in which the Louisiana Supreme Court considered whether the Louisiana Department of Health and Hospitals could be liable for failing to properly enforce the sanitary code. The Court held that the DHH's duty to enforce the sanitary code pursuant to La. R.S. 40:4 was not discretionary and therefore, the DHH could be held civilly liable for damages resulting from negligent breach of this duty.

A. The operator of any motor vehicle which is involved in a collision or the operator of any watercraft involved in a collision, crash, or other casualty in which a fatality occurs shall be deemed to have given consent to, and shall be administered, a chemical test or tests of his blood, urine, or other bodily substance for the purpose of determining the presence of any abused substance or controlled dangerous substance as set forth in R.S. 40:964 or any other impairing substance.

B. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state which is involved in a collision or to have been operating or in physical control of a watercraft on the waterways of this state involved in a collision, crash, or other casualty in which a fatality occurs. The law enforcement agency by which such officer is employed shall designate in writing under what conditions the tests shall be administered.

La. R.S. 32:681 was amended in 2019 to expand the provisions of Section (A) to include not only collisions in which a fatality occurs, but also collisions in which it is foreseeable that a traffic citation or an arrest is imminent and "the investigating officer finds that a bodily injury occurred that is rated as 'suspected serious injury' on the Uniform Motor Vehicle Traffic Crash Report."[3] Section E was added to La. R.S. 32:681 to define "suspected serious injury"[4] and Section F was also added, which provides:

F. Neither the law enforcement officer nor the law enforcement agency employing the law enforcement officer shall be liable, civilly or criminally, for any action or omission taken in response to this Section.

---

[3] The amendment further provides for testing when the operator voluntarily submits to a chemical test or when a search warrant for collection and testing is issued.

[4] La. R.S. 32:681(E) provides:

For the purposes of this Section, "suspected serious injury," as provided for in the Fourth Edition of the Model Minimum Uniform Crash Criteria Guideline, means any injury other than fatal which results in any of the following:

1) Severe laceration resulting in exposure of underlying tissues, muscles, or organs, or resulting in a significant loss of blood.
2) Broken or distorted extremity.
3) Crush injuries.
4) Suspected skull, chest, or abdominal injury other than bruises or minor lacerations.
5) Significant burns.
6) Unconsciousness when taken from the crash scene.
7) Paralysis.

At the time of the accident and currently, La. R.S. 32:681(A) provides that the operator of a motor vehicle involved in a collision in which a fatality occurs "shall be administered" a chemical test or tests of his blood, urine, or other bodily substance for the purpose of determining the presence of any abused substance, controlled dangerous substance, or impairing substance. La. R.S. 32:681(B) provides that the tests "shall be administered at the direction of a law enforcement officer" upon the driver of a motor vehicle involved in a crash or collision involving a fatality. As used in statutes, the word "shall" is mandatory. *McGlothlin v. Christus St. Patrick Hospital*, 10-2775 (La. 7/1/11), 65 So.3d 1218, 1228. Thus, the duty of the investigating officer to direct or order administration of a chemical test or tests of the driver's blood, urine, or other bodily substance is mandatory.

Although La. R.S. 32:681(F) currently provides that there is no private cause of action for acts or omissions of a law enforcement officer pursuant to La. R.S. 32:681, there was no such provision at the time of the accident in this case. Further, La. R.S. 1:2 provides, "No Section of the Revised Statutes is retroactive unless it is expressly so stated."

We further note that while Louisiana law grants immunity to public entities, as well as their officers and employees, for discretionary acts performed during the course and scope of their official duties, discretionary immunity does not apply when a specific course of action is prescribed. *See* La. R.S. 9:2798.1; *Marino v. Parish of St. Charles*, 09-197 (La. App. 5 Cir. 10/27/09), 27 So.3d 926, 931.

The LSP cites *Laguerre v. Mendez*, 08-784 (La. App. 5 Cir. 2/25/09), 9 So.3d 896 in which this Court found no private cause of action when a state police officer did not perform a follow-up investigation of a hit-and-run accident. However, in *Laguerre*, the relevant statute imposed a mandatory duty to perform an initial investigation but only a discretionary duty to conduct a follow-up

investigation. This Court concluded that the plaintiffs in *Laguerre* had no cause of action, because the officers had fulfilled their mandatory duty to perform an initial investigation and the State was afforded immunity for failure to perform discretionary duties. *Laguerre*, 9 So.3d at 899.

The LSP also cites *Bass v. Daves*, 32,665 (La. App. 2 Cir. 3/3/00), 753 So.2d 991, *writ not considered*, 00-998 (La. 5/26/00), 762 So.2d 1094, in which an LSP trooper was sued for failing to take a blood sample from a driver of a vehicle that hit a woman on a bicycle resulting in a fatality.[5] The Second Circuit affirmed a summary judgment in favor of the trooper, where he failed to take a blood sample from the defendant driver in violation of La. R.S. 32:664 and R.S. 32:366, which required that a blood test be administered in the event of a traffic fatality. However, in *Bass*, the Court did not find that the plaintiffs had no cause of action against the trooper or the LSP. Rather, the Court found that summary judgment was appropriate because while the trooper did not order a blood test, the trooper did administer a breathalyzer test. In affirming the summary judgment, the Second Circuit stated that even though a blood test should have been administered and the trooper could be subject to administrative proceedings for failing to comply with the statute, the plaintiffs were not hindered from pursuing their civil remedy since the trooper did administer a chemical test. *Bass*, 753 So.2d at 994.

After *de novo* review of the petition and considering the applicable law and jurisprudence, we find that plaintiffs have stated a cause of action against the LSP for failure to fulfill a statutory duty. Because we find that plaintiffs have stated a cause of action against the LSP in their petition, we must now determine whether plaintiffs have a right to bring this lawsuit against the LSP.

Generally, an action can only be brought by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. The exception of no right of

---

[5] The plaintiffs in *Bass* also sued the trooper for failure to comply with additional statutory duties.

action is designed to test whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the lawsuit. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n,* 94-2015 (La. 11/30/94), 646 So.2d 885, 888. The party raising a peremptory exception bears the burden of proof. *Falcon v. Town of Berwick*, 03-1861 (La. App. 1 Cir. 6/25/04), 885 So.2d 1222, 1224. To prevail on a peremptory exception pleading the objection of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. *Id.*

In reviewing a trial court's ruling on an exception of no right of action, an appellate court "begins with an examination of the pleadings." *N. Clark, L.L.C. v. Chisesi*, 16-599 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1017; *Gisclair v. Louisiana Tax Commission*, 10-563 (La. 9/24/10), 44 So.3d 272, 274. In the present case, plaintiffs assert in their petition that they are the only children of the decedent, Chalanta Brown.

La. C.C. arts. 2315.1 and 2315.2 set forth the classes of beneficiaries for both survival and wrongful death actions, as follows: (1) the surviving spouse and child or children of the deceased, or either the spouse or the child or children; (2) the surviving father and mother of the deceased, or either of them if he left no spouse or child surviving; (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving; and (4) the surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving. *Falcon*, 885 So.2d at 1224. The primary category of beneficiaries under both articles includes "children" of the deceased tort victim. *Id.*

On the basis of plaintiffs' assertions, we find that they have a "real and actual interest" in the suit, and that they belong to a particular class to which the

law grants a remedy for the particular harm claimed. Accordingly, we reverse the trial court's judgment finding that plaintiffs do not have a right of action against the LSP.

## DECREE

For the reasons stated above, we affirm the dismissal of plaintiffs' claims against the LSP for intentional spoliation of evidence on the basis that the facts alleged in the petition do not state a cause of action. We reverse the dismissal of plaintiffs' claims against the LSP for failure to comply with a statutory duty, finding that plaintiffs have stated a cause of action in the petition and that plaintiffs have a right of action. We remand to the trial court for further proceedings.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 16, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-570

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE TIMOTHY S. MARCEL (DISTRICT JUDGE)
S. CATHERINE LEARY (APPELLANT)      AMBER M. BABIN (APPELLEE)          WM. DAVID COFFEY (APPELLEE)

**MAILED**
MONIQUE N. GREEN (APPELLANT)        NATHAN M. GAUDET (APPELLEE)        THOMAS D. BOWERS, III  (APPELLANT)
ATTORNEY AT LAW                     ATTORNEY AT LAW                    ATTORNEYS AND COUNSELORS
10555 LAKE FOREST BOULEVARD         365 CANAL STREET                   6363 NORTH STATE HIGHWAY 161
SUITE 7B                            SUITE 2550                         SUITE 450
NEW ORLEANS, LA 70127               NEW ORLEANS, LA 70130              IRVING, TX 75038

THOMAS M. BRAHNEY (APPELLEE)        HONORABLE JEFFREY M. LANDRY
ASSISTANT ATTORNEY GENERAL          (APPELLEE)
LOUISIANA DEPARTMENT OF JUSTICE     ATTORNEY GENERAL
LITIGATION DIVISION                 LOUISIANA DEPARTMENT OF JUSTICE
1450 POYDRAS STREET                 POST OFFICE BOX 94005
SUITE 900                           BATON ROUGE, LA 70804
NEW ORLEANS, LA 70112