WINDHORST, J.
| Plaintiff, Gulf Engineering Company, LLC (“Gulf’), appeals from a judgment granting an exception of no cause of action, dismissing its suit against defendant, Allison Kuhn, with prejudice. For the reasons that follow, we affirm.
Gulf instituted these proceedings by filing its “Petition for Intentional Interference with Contract,” in which it alleged that it had a contract with The Dow Chemical Company (“Dow”) to inspect, verify, track and non-destructively test equipment at various Dow facilities in Louisiana, including Dow’s facility in St. Charles Parish. On April 1, 2014, Gulfs contract was renewed for an additional four years, for a term to end on September 30, 2018. The contract, referred to by Gulf as the “agreement,” further had provisions for either party to terminate the contract under certain provisions.
Under the terms of the agreement, Gulf utilized between 50 and 117 employees to perform its duties at the St. Charles Parish Dow facility. Dow appointed its employee, Troy Barbier, to oversee and supervise Gulfs activities, and Mr. Barbier was Dow’s “direct point of contact” with Gulf.
In its petition, Gulf alleges that Dow persistently failed to timely or appropriately schedule various third party contractors needed prior to Gulfs performance of its duties, causing a significant backlog of required regulatory inspections and testing at the Dow facilities, including the St. Charles Parish facility. Dow assigned its employee, Ms. Kuhn, to more efficiently organize the third party assignments prior to the Gulf assignments, and to address *1031 other deficiencies. However, Mr. Barbier remained Dow’s representative and contract supervisor assigned to Gulf.
Gulf further alleges that Ms. Kuhn- was unable to cure the deficiencies, and she began to interfere with Gulfs relationship with Dow, including dictating Gulfs relationships with its own employees, allowing third party contractors to 1 ¡.solicit Gulf employees contrary to Dow policy, sharing confidential Gulf information and misinformation, which caused dissention and distrust among Gulf staff and raised Dow’s concerns regarding Gulfs ability to perform.
Gulf contends that five months after its contract was renewed, Ms. Kuhn informed Gulf employees that Gulfs contract was terminated and that should they wish to remain on site, they would have to begin immediate employment with a new contractor hired to replace Gulf. Gulf contacted Mr. Barbier, who advised Gulf that he was unaware of Ms. Kuhn’s actions. Within days, Mr. Barbier informed Gulf that Dow was exercising its rights under the agreement to terminate the contract with a 90-day notice period. However, Ms. Kuhn ordered Gulf supervisory personnel to immediately vacate the premises. Ms. Kuhn informed Gulf that she considered that neither she nor Dow was bound by Mr. Barbier’s notice of 90 days.
Gulf charges that, as a result of these and other acts and omissions performed by Ms. Kuhn, it was forced to immediately discontinue its work for Dow, causing loss of revenue, separation under duress from over 100 of its employees, and loss of its entire non-destructive testing division. Gulf contends that these acts and omissions of Ms. Kuhn were “undertaken with malice and with the intent to make GULF’s obligations under the AGREEMENT more burdensome and/or impossible, and to induce a breach of the agreement between GULF and DOW.” Gulf further contended that “The acts - and omissions of KUHN served no legitimate business interest for DOW, were wholly unjustified, and were not performed in the belief that the same would accrue to the benefit of DOW.”
Ms. Kuhn filed an exception of no cause of action, alleging that a suit for intentional interference with a contract can only be maintained against a corporate officer, or someone who functions in .a manner similar to a corporate officer,, and that a,cause of action for tortious interference with a contract does not exist against |san employee of a corporation who is not a corporate officer. After a hearing, the trial court sustained Ms. Kuhn’s exception of no cause of action; however it allowed Gulf fifteen days to amend its petition. See La. C.C.P. art. 934.
Thereafter, Gulf filed a First Supplemental and Amending Petition, adding the following: '
I.
Plaintiff herein and hereby re-alleges and re-avers each and every allegation contained in its original Petition for Intentional Interference With Contracts as though re-alleged and re-pled herein in extenso.
II.-
Plaintiffs now add Paragraph 35a to the allegations contained in its original Petition for Intentional Interference With Contracts, to read as follows:
“Kuhn was therefore charged with the same duties, authority, and responsibilities as a corporate officer of Dow, which rendered her position completer ly indistinguishable from that of a corporate officer of Dow, which she effectively served as at all times pertinent hereto.
III.
*1032 Plaintiffs now add Paragraph 35b to the allegations contained in its original Petition for Intentional Interference With Contracts, to read as follows:
“In the alternative, Kuhn was therefore charged with the same duties, authority, and responsibilities as a ‘corporate official’ of Dow as defined in 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 234 (La.1989), and which rendered her position completely indistinguishable from that of a corporate officer of Dow, which she effectively served as at all times pertinent hereto.”
IV.
Plaintiffs now add Paragraph 35c to the allegations contained in its original Petition for Intentional Interference With Contracts, to read as follows:
“Wielding the same duties, authority, and responsibilities as an officer and/or official of Dow, Kuhn’s actions and omissions cited hereinabove constituted a breach of the duties of such an officer and/or official, as recognized in 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989).”
| ¿Ms. Kuhn filed a second exception of no cause of action, which was also granted by the trial court, and Gulfs suit was dismissed with prejudice. In this appeal, Gulf argues that the trial court erred in finding that a cause of action for intentional interference with contracts as provided in 9 to 5 Fashions, Inc. v. Spurney was limited to defendants who are corporate officials, that the court erred in finding that the cause of action did not extend to defendants who were non-officer corporate “officials,” and that the court erred in finding that Ms. Kuhn was not a de facto corporate officer so that the cause of action for intentional interference with contracts should apply.
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. Laguerre v. Mendez, 08-784 (La.App. 5 Cir. 02/25/09), 9 So.3d 896, 898. The exception is triable on the face of the papers, and for the purpose of determining the issues raised by the exception, the court must presume that all well-pleaded facts in the petition are true. Id. All reasonable inferences are made in favor of the non-moving party in determining whether the law affords any remedy to the plaintiff. Id.
In 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 232-34 (La.1989), the Court recognized a limited cause of action for tor-tious interference with contractual relations, that applies “to a corporate officer interfering with his employer’s contractual relations with third persons.” Miller v. Desoto Reg'l Health Sys., 13-639 (La.App. 3 Cir. 12/11/13), 128 So.3d 649, 658. The Court set forth the elements of the cause of action for intentional interference with contracts:
For purposes of analysis, the action against a corporate officer for intentional and unjustified interference with contractual relations may be divided into separate elements: (1) the existence of a contract or a legally protected interest between the plaintiff and the corporation; (2) the corporate officer’s knowledge of the contract; (3) the officer’s intentional inducement or causation of the corporation to breach the contract or his intentional rendition of its performance impossible or more burdensome; (4) absence of justification on the part of the | aofficer; (5) causation of damages to the plaintiff by the breach of contract or difficulty of its performance brought about by the officer.
In this case, Ms. Kuhn is not a corporate officer of Dow. Therefore, on its face the petition filed by Gulf fails to state *1033 a cause of action under Spurney, supra. However, Gulf alleges that its petition states a cause of action based on recent case law that expands a cause of action for tortious interference with contract, citing Communication & Info. Resources v. Expressions Acquisition Corp., 95-1070 (La. App. 5 Cir. 5/15/96), 675 So.2d 1164, which found a cause of action for intentional interference with contract against a member of the Board of Directors for a chain of furniture companies; Chaffin v. Chambers, 577 So.2d 1125 (La. App. 1 Cir. 1991), in which the appellate court failed to recognize an action between attorneys in joint partnership for tortious interference with a contract between an attorney and his client; [1]WKG-TV Video Elec. College, Inc. v. Reynolds, 618 So.2d 1023 (La. App. 1 Cir. 1993), suit against a director/shareholder of a corporation. In each of these cases, the court found that there was a fiduciary duty owed to the corporation such that the alleged tortious interference with contract would constitute a breach of that duty.
In response to the trial court’s grant of Ms. Kuhn’s first exception of no cause of action, Gulf filed an amended petition that alleges that Ms. Kuhn had the same duties as a corporate officer of Dow. However, there are no factual allegations regarding what the duties of Dow’s corporate officers are and how Ms. Kuhn’s duties were the same. Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854, comment (a). While it is not necessary for a plaintiff to plead the theory of his case in the petition, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. Foret v. Caruso, 15-682 (La.App. 5 Cir. 03/16/16), 194 So.3d 643, 646.
|BIn finding that the amendment did not state a cause of action, the trial court stated that Gulfs supplemental and amending petition did not “cure the defects in the original petition. On the face of the pleadings, it is clear that Defendant Allison Kuhn is not a corporate officer of Dow.” We find no error the trial court ruling that Gulfs mere assertions that Ms. Kuhn had duties similar to those of Dow’s corporate officers was not sufficient to state a cause of action for intentional interference with contracts as set forth in Spurney, supra. In addition, we decline to extend the cause of action set forth in Spurney to employees, even those in a supervisory capacity, who intentionally interfere with contracts between their employer and a third party.
We affirm the judgment of the trial court granting an exception of no cause of action and dismissing Gulfs suit against Ms. Kuhn with prejudice. Costs are assessed against plaintiff/appellant, Gulf.
AFFIRMED

. The Louisiana Supreme Court reversed the Court of Appeal and reinstated an order of the trial court overruling the defendant's exception of no cause of action, Chaffin v. Chambers, 584 So.2d 665 (La. 1991).